TISDALE, ADM'R, v. MITCHELL.

Where an article is sold on time by verbal contract, the statute of limitations does not commence to run until the expiration of the credit. *Quere ?* whether store accounts form an exception to this rule, (Hart. Dig. Art. 2381,) where the purchaser dies more than two years after the charge.

Under the general denial, it seems, the defendant may prove a settlement, or admissions of the plaintiff, adverse to his right to recover in whole or in part.

Where the Court improperly rejected certain testimony, which was offered by the defendant, and afterwards, when the plaintiff introduced evidence touching the same facts, gave the defendant permission to introduce his evidence, which he failed to accept, it was held there was no error.

Appeal from Harrison. The appellee sued the appellant, in November, 1852, upon an account for 231 95-100 dollars for various articles furnished his intestate, services rendered, money loaned, &c., charged during a period commencing in January, 1850, and ending in July of that year. The defendant pleaded the statute of limitations, and a general denial; whereupon the plaintiff amended his petition, alleging that the account sued on did not become due until the 1st of January, 1851. The defendant moved the Court to strike out the amended petition; which motion the Court overruled. On the trial the defendant offered to prove by a witness that, at an attempted settlement between the defendant's intestate and the plaintiff, in June, 1850, there was an admitted balance between them of some forty dollars, but that the subject matter of the settlement did not include all the items in account between them. The Court rejected the testimony, on the ground that it was matter in avoidance of the action and there was no answer setting up such matter. Afterwards the plaintiff gave evidence as to said settlement, and thereupon the Court gave permission to the defendant to introduce any evidence he desired to introduce respecting it. It was in proof that the articles and services were not to be paid for until January 1st,

1851. There was a verdict for the plaintiff for 196 33-100 dollars; a motion for a new trial overruled; judgment for the plaintiff, and the defendant appealed.

*Clough & Lane*, for appellant.

*D. Field*, for appellee.

WHEELER, J. The ground, mainly relied on for a reversal of the judgment, is the ruling of the Court in refusing to strike out the amendment to the petition. There manifestly was, we think, no error in the ruling complained of. There can be no question, that a party may make a binding contract to give time, upon the sale of property, the performance of personal sevices, or the loan of money, as well by verbal as by a written contract. If, upon the sale of a horse, or other property, the parties should contract verbally that the price was not to be paid until six months thereafter, it cannot admit of a question that the agreement would be valid and binding upon them. The vendor would not have a right of action for the price, until the specified period had elapsed ; and the statute would not commence to run until the right of action accrued. The only restrictions which the law imposes upon the capacity and right of parties to bind themselves by verbal contracts are those contained in the Statute of Frauds, (Hart. Dig. Art. 1451,) and the present is not within the operation of the statute. That it was competent for the parties to contract that the matters of account between them should not become due until the first of January thereafter, seems quite too clear for argument.

Article 2381 of the Digest, referred to by counsel for the appellant, manifestly has reference to merchants, or, as they are denominated in the statute, " store accounts," and not to accounts of the character of the present ; and it is unnecessary in the disposition of this case to express an opinion upon its construction.

That there was no special matter pleaded to the action was not a reason for excluding evidence of a settlement, or of admissions by the plaintiff, adverse to his right to recover in whole or in part. Under the general denial, the defendant was at liberty to introduce any rebutting or explanatory evidence, in his possession. But the ruling of the Court, in excluding the evidence offered by the defendant, can be no ground for reversing the judgment, for the reason that the Court afterwards gave permission to the party to introduce his evidence. If he omitted to do so, he certainly cannot take advantage of the omission as a ground for reversing the judgment. The proof was full, to the fact that by the agreement of the parties, the matters charged in the account were not to be paid for until the first of January thereafter. The verdict seems well sustained by the evidence ; and we are of opinion that the judgment be affirmed.

Judgment affirmed.