Willie Grady TUTT et al., Appellants,

v.

CITY OF ABILENE, Appellee.

No. 11–93–305–CV.

Court of Appeals of Texas, Eastland.

May 19, 1994.

Rehearing Denied June 16, 1994.

Randall C. Jackson, Jr., Speiser, Krause, Madole & Mendelsohn, San Antonio, for ap- pellants.

Claudia Clinton, Sharon E. Sneed, Susan M. Yantis, City Atty's. Office, Abilene, for appellee.

OPINION

DICKENSON, Justice.

The controlling issue is whether the Texas Constitution imposes liability upon a city for damages caused by the false arrest, search, and incarceration of citizens—when the ar-

rests were based upon incorrect information from an undercover narcotics agent who was not an employee of the city but who was paid by the city police department. The trial court sustained the City's motion for summary judgment. We affirm.

Willie Grady Tutt, Walter Franklin Beal, Mart Lee Brown, Jr., Douglas Eugene Norman, and Phillip Don Norman (plaintiffs) filed suit against the City of Abilene and William Lonnie Hood, seeking actual and punitive damages "not in excess of $1,000,-000.00" for wrongful arrest, wrongful imprisonment, and unlawful searches and seizures. Their claims against Hood have been severed, and this appeal only concerns the trial court's ruling that their pleadings do not state a cause of action against the City.

## Background Facts

We will accept as true the factual allegations, but not the legal conclusions, contained in plaintiffs' first amended petition.[1]

These background facts show that in April of 1990 employees of the Abilene Police Department arranged for Hood to work undercover as a civilian drug informant. The City paid his expenses and provided him with money to buy drugs from illicit drug dealers. Hood was not a certified peace officer, but he claimed to have experience at working undercover and making cases against illicit drug dealers. The record shows that he had previously worked undercover in other parts of this State, including Eastland County and Nolan County.

In July of 1990, more than 50 persons were arrested in the City of Abilene. Most of them, including all of the plaintiffs, were black citizens. No white citizens were arrested. Hood is white. All of the plaintiffs were placed in jail. Some stayed in jail a few days; others stayed for several months. Some lost their jobs; most incurred legal fees and bail bond charges. All of the plaintiffs were innocent.

The charges against plaintiffs were all dismissed after the district attorney learned

that Hood had lied about cases in Eastland County and in Nolan County. When a deeper check was made into Hood's background, it was learned that many of his claims did not bear close scrutiny.

## Plaintiffs' Legal Theories

Plaintiffs argue that the City is liable to them because the city police failed to employ procedural safeguards to prevent Hood from making false charges which resulted in their arrest, search, and incarceration. Plaintiffs assert claims against the City for violation of TEX. CONST. art. I, §§ 3, 9, 13, and 19. Those sections provide:

Sec. 3. *All free men,* when they form a social compact, *have equal rights,* and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

Sec. 9. *The people shall be secure* in their persons, houses, papers and possessions, *from all unreasonable seizures or searches,* and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

Sec. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. *All courts shall be open, and every person for any injury done him,* in his lands, goods, person or reputation, *shall have remedy by due course of law.*

Sec. 19. *No citizen of this State shall be deprived of* life, *liberty,* property, privileges or immunities, or in any manner disfranchised, *except by the due course of the law of the land.* (Emphasis added)

Plaintiffs also argue that TEX. CONST. art. I, § 29 gives them a constitutional cause of action for damages against the City. This section provides:

To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of gov-

---

1. This case falls within the rule recognized in *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 at 9 (Tex.1974), because plaintiffs have pleaded facts which affirmatively negate their cause of action.

ernment, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

Plaintiffs insist that the governmental immunity provisions in the Texas Tort Claims Act[2] cannot limit their constitutional causes of action under the Texas Constitution. Plaintiffs do not make any claims under the Constitution of the United States, nor do they make any claims under the Federal Civil Rights Act of 1871, which is codified at 42 U.S.C.A. § 1983 (West 1981). For a discussion of the type proof required (a governmental "policy or custom") to recover under Section 1983, see *Walsweer v. Harris County,* 796 S.W.2d 269 (Tex.App.—Eastland 1990, writ den'd), *cert. den'd,* 502 U.S. ——, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991).

### Prior Texas Cases

Plaintiffs assert that there are only four prior Texas cases which are relevant to their theory of recovery: *City of Beaumont v. Bouillion,* 873 S.W.2d 425 (Tex.App.—Beaumont, 1993, writ granted) (not yet reported);[3] *Albertson's, Inc. v. Ortiz,* 856 S.W.2d 836 (Tex.App.—Austin 1993, writ den'd); *Jones v. Memorial Hospital System,* 746 S.W.2d 891 (Tex.App.—Houston [1st Dist.] 1988, no writ); and *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

The two Houston Courts of Appeals took different positions in *Jones v. Memorial Hospital System, supra,* and *Bagg v. University of Texas Medical Branch at Galveston, supra.*

This court agrees with the 14th Court's reasoning in *Bagg v. University of Texas Medical Branch at Galveston, supra* at 584, fn. 1:

Texas has a strong bill of rights, but we can find no Texas statute or case that provides a citizen the kind of redress afforded by 42 U.S.C. § 1983 or by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971). *There is no state "constitutional tort."* (Emphasis added)

Consequently, we respectfully disagree with the 1st Court's holding in *Jones v. Memorial Hospital System,* supra at 893:

[T]hat article 1, section 8 of the Texas Constitution constitutes an independent legal basis for a cause of action claiming an infringement of the right of free speech guaranteed by that section of the state constitution.

We note that *Jones v. Memorial Hospital System* is a "no writ" case and that *Bagg v. University of Texas Medical Branch at Galveston* is a "writ refused, no reversible error" case. We also note that *Jones* is factually distinguishable.

The third case cited by appellants, *Albertson's, Inc. v. Ortiz,* supra at 839, states:

Various commentators and case law from other jurisdictions support appellees' suggestion that the individual freedoms secured by our strong bill of rights can be adequately enforced only by recognizing a compensatory cause of action for any infringement of those freedoms.

The Austin Court of Appeals then declined to recognize a compensatory cause of action to redress a wholly private entity's infringement of free-speech rights guaranteed by the state constitution, reversed the trial court's award of damages, and rendered judgment that appellees take nothing.

The final case cited by appellants, *City of Beaumont v. Bouillion,* supra, distinguishes *Bagg v. University of Texas Medical Branch at Galveston,* supra; follows *Jones v. Memorial Hospital System,* supra; concludes that: "an independent constitutional tort or cause of action exists under our constitution"; and then holds that the state constitution "constitutes a preclusion of governmental immunity." We respectfully disagree with *City of Beaumont v. Bouillion.* We note that the language was broader than needed to decide the case, that the case is factually distin-

---

**2.** This act is codified in TEX.CIV.PRAC. & REM. CODE ANN. §§ 101.001—101.109 (Vernon 1986 and Supp.1994).

**3.** This case is presently pending in the Supreme Court of Texas.

guishable, and that the Texas Supreme Court has granted writ of error.

It should be noted that the Amarillo Court of Appeals also adopted the reasoning of *Bagg v. University of Texas Medical Branch at Galveston* ("that there is no state constitutional tort") in *Mitchell v. Amarillo Hospital District,* 855 S.W.2d 857 at 873 (Tex.App.—Amarillo 1993, writ den'd).

### This Court's Ruling

We hold that the trial court did not err in granting the City's motion for summary judgment; consequently, both points of error are overruled. Plaintiffs have their causes of action against Hood (the person who caused the wrongful arrests), but he is not a party to this appeal. Plaintiffs do not have a cause of action against the City under the undisputed facts. There is no self-operative creation of a constitutional tort liability which would waive the long-standing common law immunity for the City's exercise of its governmental functions. Plaintiffs have made no claim that the City violated Section 1983, and the City continues to have sovereign immunity for its governmental functions in providing or failing to provide police protection under Section 101.055 of the Texas Tort Claims Act. There is no allegation of a governmental "policy or custom" to violate the constitution.

The judgment of the trial court is affirmed.