**CITY OF ALAMO, et al., Appellants,**

v.

**Minerva MONTES, Appellee.**

**No. 13–92–533–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 18, 1995.

Rehearing Overruled July 20, 1995.

---

William S. Helfand, J. Preston Wrotenbery, Tina Snelling, Hirsch, Robinson, Sheiness & Glover, Houston, for appellant.

Brinkley L. Oxford, William J. McCarthy, Oxford, Oxford & Gonzalez, Edinburg, George M. Kirk, Jr., Houston, Juan R. Ledesma, McAllen, for appellee.

Before SEERDEN, C.J., and GILBERTO HINOJOSA[1] and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION ON MOTION
## FOR REHEARING

FEDERICO G. HINOJOSA, Jr., Justice.

We issued our original opinion in this case on March 24, 1994. Appellee subsequently filed a motion for rehearing and request for en banc consideration. We deny appellee's request for en banc consideration. We grant in part and deny in part appellee's motion for rehearing. We withdraw our original opinion and substitute the following as the opinion of the Court.

The City of Alamo, its Mayor, and four Commissioners appeal from a judgment rendered in favor of Minerva Montes. Appellants bring fifteen points of error. Appellants generally allege 1) that there is no state constitutional tort for wrongful discharge or political termination, 2) that Montes was an "at-will" employee and that under the facts of this case, no exception to the at-will doctrine exists based upon politics, and 3) that Montes' recovery under the whistleblower statute was improper because she did not specifically plead the statute nor state facts giving rise to a cause of action based upon the statute. We affirm the trial court's permanent injunction against appellants, reverse the trial court's judgment awarding appellee actual and punitive damages, and render judgment that appellee take no monetary damages.

Minerva Montes was appointed City Secretary by the City Commission and served in that capacity for approximately two years. Montes reported directly to the City Manager.

On May 25, 1991, the citizens of Alamo elected a new Mayor and two new City Commissioners. One month after taking office, the new City Commission met and discussed the position of City Secretary. After the discussion, Montes received a "no confidence" vote from the City Commission. The City Manager subsequently met with Montes and asked for her resignation. Montes refused to submit her resignation. On July 16, 1991, the City Commission removed Montes from the position of City Secretary.

Montes demanded a hearing and written reasons for her discharge. The City Commission held a hearing on July 30, 1991. Montes was informed that her employment as City Secretary was terminated and that no written reasons would be given for her discharge.

On August 1, 1991, Montes filed suit against the City of Alamo, the Mayor, City Manager, and members of the City Commission. The Mayor, City Manager, and members of the City Commission were sued in their official capacities only. Montes sought injunctive relief to prevent appellants from hiring another City Secretary, from refusing to pay her, and from destroying any taped meetings held by appellants in executive session on July 16, 1991 and July 30, 1991. Montes alleged that she had lost her job because of politics, claiming that she was unfairly terminated as City Secretary and

---

1. Former Justice Gilberto Hinojosa not participating.

that no grounds were given for her discharge. Montes further sought compensatory damages for wrongful termination and other relief under various provisions of the Texas Constitution and Texas statutes, alleging that appellants had violated state law "in that the motivating factor for her dismissal was for a non-permissible reason, i.e., political affiliation and failure to actively support their candidacy." Montes specifically disavowed any reliance upon federal law.

On September 20, 1991, the trial court granted Montes' request for a temporary injunction and reinstated her as City Secretary, with back pay and current wages. The record reflects that the City and City Manager asked the trial court to stay the temporary injunction pending appeal of the trial court's ruling. The record does not reflect whether the trial court acted on the motion. Our records reflect that the City attempted to appeal the trial court's ruling, but that we dismissed the appeal for want of jurisdiction because the City's notice of appeal was not timely filed. *The City of Alamo v. Minerva Montes, et al.,* No. 13–91–610–CV (Tex. App.—Corpus Christi, December 12, 1991) (not designated for publication).

The record reveals that trial commenced on January 13, 1992. At trial, the following questions were submitted to the jury:

QUESTION NO. 2:

Was the primary and motivating reason for the termination of Minerva Montes, City Secretary for the City of Alamo, Texas by the defendants for political purposes?

ANSWER: Yes

QUESTION NO. 4:

Do you find from a preponderance of the evidence that a proximate cause of the ultimate suspension and termination of Plaintiff Minerva Montes from employment as City Secretary for the City of Alamo, Texas, was her reporting, in good

faith, of a violation of law to an appropriate law enforcement authority?

ANSWER: Yes

Based on the jury's findings, the trial court issued a judgment nunc pro tunc, awarding Montes $36,000.00 in actual damages and $25,000.00 in exemplary damages ($5,000.00 from each of the individual defendants "individually and in their official capacities, as punitive damages").[2] The court also entered a permanent injunction against appellants. The City, the Mayor, and the City Commissioners appeal.

By their eighth point of error, appellants complain that the trial court erred in granting Montes a judgment for being a whistleblower. Appellants contend that Montes, having not sufficiently pleaded the necessary facts, cannot recover on her claim that appellants violated TEX.GOV'T CODE ANN. § 554.002, commonly referred to as the Whistleblower Act.

The Whistleblower Act provides that local government employees are protected from retaliation for reporting, in good faith, violations of law to an appropriate law enforcement agency. *See* TEX.GOV'T CODE ANN. § 554.001 *et seq.* (Vernon 1994).[3] The jury found that a proximate cause of Montes' termination was her good faith report of a violation of law to an appropriate law enforcement authority. Appellants argue that Montes never alleged in her petition that she was dismissed or otherwise discriminated against because she reported a violation of law to an appropriate law enforcement agency.

■ A party relying upon a statutory cause of action should reasonably identify the statute relied upon in its pleadings. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982). In determining whether a cause of action has been pleaded, a plaintiff's "pleading must be adequate for the court to be able, from an examination of the pleadings alone, to ascertain with reasonable certainty

---

**2.** We note again that appellants were sued in their official capacities only.

**3.** This statute is derived from TEX.REV.CIV.STAT. ANN. art. 6252–16a (Vernon Pamphlet 1995). The Legislature has created other restrictions and exceptions to the at-will employment doc-

trine. *See Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723, 724 n. 1 (Tex.1990) (lists other statutory restrictions and exceptions to employment-at-will doctrine, none of which are applicable in this case).

and without resorting to information from another source, the elements of the plaintiff's cause of action and the relief sought with sufficient information on which to base judgment." *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied) (citing *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979)). While a petition is construed as favorably as possible to a pleader, a trial court cannot enter judgment against a defendant on a theory of recovery not sufficiently set forth in the petition. *See Miller v. Towne Ser., Inc.,* 665 S.W.2d 143, 147 (Tex.App.—Houston [1st Dist.] 1983, no writ).

■ We have reviewed Montes' petition and find no claim or alleged facts that she was dismissed because she reported a violation of law to a law enforcement agency.[4] Montes failed to allege facts in her petition that raised a whistleblower claim and failed to request a trial amendment alleging such facts before the trial court signed the judgment.

■ In addition, we note that the whistleblower claim was not tried by consent. Appellants objected during trial and at the charge conference that the jury should not be asked a question concerning the whistleblower claim and that Montes should not be allowed to recover on that basis. We sustain appellants' eighth point of error.

By their fourth point of error, appellants contend that Montes cannot recover for an alleged constitutional tort. By their fifth point of error, appellants contend that the trial court erred by submitting Question No. 2 because Texas does not recognize a tort cause of action for wrongful discharge or political termination. We address these points together.

Appellants maintain there is no constitutional tort recognized in Texas, citing *Bagg v. University of Texas Medical Branch,* 726 S.W.2d 582, 583 n. 1 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Montes, relying on *Jones v. Memorial Hosp. Sys.,* 746 S.W.2d 891 (Tex.App.—Houston [1st Dist.] 1988, no writ), argues that Texas recognizes a cause of action for wrongful discharge under the free speech clause of Article I, Section 8 of the Texas Constitution.

■ The Texas Supreme Court recently disposed of this issue. The court held that there is no implied private right of action for damages under the Texas Constitution when an individual alleges the violation of speech and assembly rights. *City of Beaumont v. Bouillion,* 896 S.W.2d 143 (1995). The court further held that there is no independent cause of action for monetary damages for the violation of constitutional rights. *Id.* 896 S.W.2d 143. Noting that the Beaumont Court of Appeals had been persuaded by *Jones v. Memorial Hosp. Sys.,* the Court stated:

> In *Jones,* the court of appeals held that Article I, section 8 of the Texas Constitution provides an independent legal basis for a cause of action. However, *Jones* is not inconsistent with our holding today to the extent *Jones* is understood as approving suits for injunctive relief. *Jones* is not to be read as implying from the Constitution a cause of action for damages for the violation of free speech rights.... Our review of the language of the Constitution leads us to conclude that there is no basis from the text of the Constitution to assume a party is given more than equitable protection.

*City of Beaumont,* 896 S.W.2d 143. *See also Tutt v. City of Abilene,* 877 S.W.2d 86, 88 (Tex.App.—Eastland 1994, no writ) (disagreeing with *Jones*); *Mitchell v. Amarillo Hosp. Dist.,* 855 S.W.2d 857, 872–873 (Tex. App.—Amarillo 1993, writ denied); *see also Alcorn v. Vaksman,* 877 S.W.2d 390, 404 (Tex.App.—Houston [1st Dist.] 1994, no writ) (held appellants in their official capacities immune from remedy of money damages where consent to sue lacking; but appellants are liable in their individual capacities).

Accordingly, whether there is sufficient evidence to raise the issue or support a finding that Montes' discharge was motivated by politics becomes irrelevant. Moreover, whether termination for political affiliation, non-affili-

---

4. In reviewing the record, we note that another plaintiff in the suit, Roy Rodriguez, asserted facts in his First Amended and Supplemental Petition that sufficiently raised a whistleblower claim.

ation, or "political neutrality"[5] constitutes political retaliation is irrelevant. There is no cognizable civil action for non-equitable relief for wrongful termination under the Texas Constitution, and Montes is not entitled to any monetary damages from the City or the individual appellants who were sued in their official capacities only. We sustain appellants' fourth and fifth points of error.

By their ninth point of error, appellants contend that the trial court was without jurisdiction to enter judgment against them in their individual capacities where personal service of process was not effected upon them in accordance with TEX.R.CIV.P. 124.

■ In her pleadings, Montes did not assert a claim against appellants in their individual capacities. Montes specifically alleged "this lawsuit is being brought exclusively under Texas law and is being brought against the individual Defendants in their official capacities, only." Montes now attempts to append herself to a co-plaintiff's petition which asserted claims against the Mayor and the City Commissioners in their individual and official capacities. We hold that the trial court erred by rendering judgment against appellants because Montes did not assert a claim in her pleadings against appellants in their individual capacities, and because the record shows neither a waiver of process by appellants nor proper service of process upon appellants. Appellants' ninth point of error is sustained.

By their fourteenth point of error, appellants contend that the trial court erred in granting an injunction reinstating Montes to the position of City Secretary. Appellants argue that wrongful discharge for political purposes is not a recognized exception to the at-will doctrine in Texas and, since Montes is an at-will employee under the City's Charter and no written contract of employment exists between her and the City, the trial court acted beyond its authority in granting the injunction.

Appellants raise similar contentions under points of error two and three. By their

second point of error, appellants contend that the trial court erred in denying appellants' motion for directed verdict and for judgment notwithstanding the verdict because no cause of action exists by an at-will employee for "political termination." By their third point of error, appellants contend that the trial court erred in submitting Question No. 2 to the jury because Texas is an at-will state and political discharge is not a recognized exception to the at-will doctrine. We first discuss appellants' second and third points of error.

■ We review the denial of an instructed verdict by a legal sufficiency or "no evidence" standard of review. We sustain a legal sufficiency challenge when the record discloses 1) that there is a complete absence of evidence of a vital fact, 2) that the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, 3) that the evidence offered to prove a vital fact is no more than a mere scintilla, or 4) that the evidence conclusively establishes the opposite of the vital fact. *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 2 (Tex. 1991). We disregard all evidence contrary to the jury finding, and we uphold the finding if there is any remaining evidence which supports the verdict. We consider only those inferences that support the finding in a light most favorable to the finding, and we disregard all inferences to the contrary. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981).

■ The decisional law in Texas is that employment is "at-will," *i.e.*, the term of service is left to the discretion of either the employer or the employee. *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993) (citing *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991)); *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 723–24 (Tex.1990); *East Line & R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). Either the employer or the employee may terminate the employment relationship at-will and without cause, unless the parties otherwise agree in writing. *Winters*, 795 S.W.2d at 724.

---

**5.** On motion for rehearing, appellee refers to her position as "political non-affiliation" or "political neutrality."

Generally, to establish a cause of action for wrongful termination, an employee must establish 1) that he and his employer have a contract that specifically limits the right to terminate the employment, and 2) that the contract is in writing. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 128 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). When an employment contract is oral and of no definite time period, it is terminable at-will by either party. *Clear Lake City Water Auth. v. Clear Lake Util. Co.*, 549 S.W.2d 385, 390 (Tex.1977). A property right to public employment does not arise if the employer does not abrogate its power under state law to discharge employees without cause. *Evans v. City of Dallas*, 861 F.2d 846, 848 n. 9 (5th Cir.1988) (interpreting Texas law).

In her pleadings, Montes alleged that state law, the provisions of the City Charter, the Personnel Policy Manual, and the ordinances of the City of Alamo required appellants to give a meaningful hearing before discharging a city employee. Although not specifically alleged in her original petition, Montes indirectly contends that she was entitled to written reasons for her dismissal. Having obtained neither a "meaningful hearing" nor grounds for her dismissal, Montes concluded that her termination was politically motivated. Montes did not assert a requirement that termination be only for good cause.

At trial, Montes admitted that she did not have an employment contract with the City. The evidence is undisputed that Montes was appointed by the City Commissioners pursuant to the terms of the city charter. Article III, Section 3 of the charter of the City of Alamo provides as follows:

The Board of Commissioners shall appoint the City Secretary **who shall serve at the pleasure of the Board of Commissioners.** The City Secretary shall keep the records of the Board of Commissioners and shall have such other duties and responsibilities as may be assigned to him/her by this Charter or by the City Manager and the Board of Commissioners. (Emphasis added.)

The key issue in a wrongful discharge case is whether there is an employment contract modifying the at-will doctrine. Absent a specific contract term to the contrary, the employment is terminable at-will and without cause by either party. We find no evidence in the record that the City abrogated the at-will employment status of Montes. The charter provision that the City Secretary shall serve at the pleasure of the Board of Commissioners shows that the City fully intended the City Secretary to be an at-will employee.

We find no evidence in the record that the at-will employment of Montes was modified. Accordingly, Montes failed to show a vital element in support of her claim of wrongful discharge. We hold that the trial court erred in denying appellants' motion for directed verdict and for judgment notwithstanding the verdict. We sustain appellants' second point of error.

Question No. 2 asked the jury whether the primary and motivating reason for Montes' termination was politics. According to the at-will doctrine, when the term of service is left to the discretion of either party, an employer may discharge an employee with or without notice at any time and for any reason. We find no applicable exception in the record to the employment-at-will doctrine. We conclude that the jury's answer to Question No. 2 is superfluous. We sustain appellants' third point of error.

By their fourteenth point of error, appellants contend that the trial court erred in awarding an injunction reinstating Montes to the position of City Secretary. Appellants argue that because no exception to the at-will doctrine exists in this case, the trial court acted beyond its authority in granting the injunction. Appellants also contend that Montes failed to establish that she had no adequate remedy at law.

The City of Alamo attempted to appeal the trial court's temporary injunction. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1995). Because the notice of appeal was not timely filed, we dismissed appellants' appeal for want of jurisdiction. *City of Alamo*, No. 13–91–610–CV. We address only whether the trial court erred in granting

a permanent injunction against appellants in the final judgment.

As we noted above, Article I, Section 8 of the Texas Constitution provides for equitable protection against violations of the right of free speech. *See City of Beaumont,* 896 S.W.2d 143 (citing *Jones* ). Reinstatement is a form of equitable relief. Based on the jury's findings that appellants' primary and motivating reason for terminating Montes was political, the trial court entered a permanent injunction against appellants, enjoining them from interfering with Montes in the performance of her duties as City Secretary. Appellants do not attack these findings nor do they argue the contrary on appeal.

■ Moreover, a review of the trial court's final judgment reveals that the trial court acknowledged the applicability of the at-will doctrine. The final judgment states in relevant part as follows:

> The Defendants are restrained individually and in their official capacity, and by and through their representatives from either directly or indirectly interfering with the Plaintiff Minerva Montes in performing her duties of office; that the City of Alamo has the right to discipline and supervise the Plaintiff Montes as is provided by law, and this Order in no way prevents the City of Alamo through its duly authorized representatives from instructing and supervising the Plaintiff Minerva Montes in a reasonable manner for lawful purposes; that the Defendants may, as provided by law, discipline, terminate, suspend, or terminate [Montes] for lawful reasons and if lawful procedures are followed(.)

We note that the trial court used this same language in the temporary injunction. The trial court was well within its authority to award a permanent injunction as a form of equitable relief based on the jury's unchallenged finding that Montes was terminated for political reasons.[6] Article I, Section 8 provides for equitable protection against violations of its provisions. *City of Beaumont,* 896 S.W.2d 143. We hold that the trial court

did not err in granting the permanent injunction and acknowledging therein the City's right to terminate Montes' employment for lawful reasons and if lawful procedures are followed. We overrule appellants' fourteenth point of error.

Because we find the above-discussed points of error to be dispositive, we decline to address appellants' remaining points of error. Tex.R.App.P. 90(a).

We AFFIRM the trial court's permanent injunction against appellants, REVERSE the trial court's judgment awarding appellee actual and punitive damages, and RENDER judgment that appellee take no monetary damages.

---

6. Appellants do not attack the jury's findings on appeal. Hence, our opinion does not address whether there is sufficient evidence to support the injunction based on the jury's finding that Montes was terminated for political reasons.