**The CITY OF ALAMO, et al., Petitioners,**

v.

**Minerva MONTES, Respondent.**

No. 95–0805.

Supreme Court of Texas.

Nov. 15, 1996.

J. Preston Wrotenbery, William S. Hefland, Kevin Jewell, Houston, for petitioners.

Brinkley L. Oxford, Edinburg, George M. Kirk, Jr., Houston, Juan R. Ledesma, McAllen, for respondent.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and HECHT, CORNYN, ENOCH, OWEN, BAKER and ABBOTT, Justices, join.

We granted this cause to consider whether the court of appeals erred in affirming an injunction requiring the City of Alamo to reinstate Minerva Montes to her position as city secretary. 904 S.W.2d 727, 734. The court of appeals affirmed the injunction based upon the jury's finding that Montes was fired primarily for political reasons. *Id.* Montes has now resigned her position. She moves to dismiss this case on the basis that it is moot. We agree that the case is now moot.

Montes's resignation leaves no live controversy between the parties. *See Speer v. Presbyterian Children's Home,* 847 S.W.2d 227, 228–29 (Tex.1993). Under these circumstances, any opinion we might issue would be strictly advisory. *Id.* at 229. Therefore, in accordance with Rule 170 of the Texas Rules of Appellate Procedure, without hearing oral argument and without reference to the merits, we vacate the judgment of the court of appeals and of the trial court and dismiss this case as moot. *Id.* at 228. Our disposition of this case should not be construed as either approving or disapproving of the court of appeals' opinion.

GONZALEZ, J., filed a concurring opinion.

GONZALEZ, Justice, concurring.

The Court's opinion on dismissal states that "[o]ur disposition of this case should not be construed as either approving or disapproving of the court of appeals' opinion." 934 S.W.2d 85 (Tex.1996). This statement should be read with skepticism. The fact that the City of Alamo's application for writ of error was granted indicates that at least four members of the Court saw problems with the court of appeals' opinion and judgment. Minerva Montes resigned her position almost immediately after the Court announced that it would review the case. For the following reasons, I think that the court of appeals erred in affirming the permanent injunction.

In 1989, the Alamo Board of Commissioners appointed Montes as city secretary under Article III, Section 3 of the city's charter, which states that "[t]he Board of Commissioners shall appoint the City Secretary who shall serve *at the pleasure* of the Board of Commissioners" (emphasis added). The record reveals that Montes, as city secretary, had access to confidential information record-

ed on tapes of the City's executive sessions. She was also responsible for keeping the record and minutes of meetings, drafting agendas, and other responsibilities assigned by the city manager and Board.

In 1991, Alamo's citizens chose a new mayor and two new city commissioners in a nonpartisan election. The new Board gave Montes a "no confidence" vote. When Montes refused to resign, the Board suspended her and later fired her without providing a basis for its decision. Montes sued the City and its mayor, city manager, and members of the city commission, alleging that the defendants had breached various statutory and common-law duties and violated her rights under Article I, Section 8 of the Texas Constitution by firing her primarily for political reasons.

The trial court rendered judgment on a jury verdict for $36,000 in actual and $25,000 in exemplary damages and issued a permanent injunction reinstating Montes to her position as city secretary. The injunction alters Montes's at-will employment status and only permits the City to terminate Montes for a lawful reason. The court of appeals reversed the trial court's award of actual and punitive damages but affirmed the permanent injunction. 904 S.W.2d 727, 734. Only the City appeals from the court of appeals' decision.

Our Court has not previously addressed the issue of whether an employee can be fired for political reasons under the Texas Constitution. The United States Supreme Court has examined a similar issue under the federal Constitution. In that context, it held that a public employer may fire an employee for political reasons when "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1295, 63 L.Ed.2d 574 (1980). The Court's reasoning in *Branti* "has been understood to apply to political differences of any kind, not merely differences in party membership." *Williams v. City of River Rouge*, 909 F.2d 151, 153 n. 4 (6th Cir.1990). The Court has allowed patronage dismissals in these limited circumstances because of the need to ensure "that policies which the electorate has sanctioned are effectively implemented." *Elrod v. Burns*, 427 U.S. 347, 372, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976). Here, Montes was hired under a provision of the city charter that specifically set out the rights of the parties. She served at the pleasure of the Board of Commissioners and could be terminated at any time with or without cause. *See Winters v. Houston Chron. Pub. Co.* 795 S.W.2d 723, 723 (Tex. 1990). Thus, the City was well within its rights to dismiss her at any time, even for political reasons. Even if this were not the law under the employment-at-will doctrine, Montes's undisputed duties included close contact with confidential information and materials. Because some of her duties concerned communication between elected officials, her position is inherently political.

Given the job description in the city charter and Montes's inherently political duties, Montes's political loyalty was an appropriate requirement for the effective performance of a job involving confidential material. Therefore, the City of Alamo did not violate Montes's Texas constitutional rights when it terminated her. It was wrong for the judiciary to interfere and modify Montes's at-will employment status.

In short, Montes worked as an at-will employee for the City, and she does not come within any of the statutory or common-law exceptions to the employment-at-will doctrine. It was improper for the trial court and the court of appeals to usurp the powers of the City under its charter.