**Johnnie Faye SPILLER**

v.

**CITY OF TEXAS CITY POLICE DEPARTMENT, City of Texas City, Texas, Officer Mark Spurgeon, Individually and in His Official Capacity and State of Texas.**

Civil Action No. G–96–401.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 5, 1996.

Anthony P. Griffin, Attorney at Law, Galveston, TX, for plaintiff Johnnie Faye Spiller.

William Scott Helfand, Hirsch Robinson Sheiness & Glover, P.C., Houston, TX, Charles T. Jeremiah, Magenheim Bateman Robinson Wrotenbery Helfand, Houston, TX, for defendants City of Texas City Police Department, Mark Spurgeon, The City of Texas City, Tex.

### ORDER

KENT, District Judge.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and various state law provisions, alleging the violation of her rights as the result of an arrest by Defendant Officer Mark Spurgeon ("Spurgeon"). Now before the Court is Defendants' September 19, 1996 Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED.**

This suit arises out of an incident that occurred in Texas City, Texas on July 15, 1994. Plaintiff pulled into a Chevron gas station located on Palmer Highway to fill up her car with gas. Plaintiff pulled up behind Defendant Spurgeon, who was pumping gas into his automobile, and waited for him to finish. When Defendant Spurgeon finished his pumping gas, he did not immediately move his car out of the way so that Plaintiff could pull up to the pumps. Instead, he engaged in conversation with someone who was also at the pumps. Plaintiff waited for him to finish his conversation, but when it appeared that Defendant Spurgeon was "not going to allow [Plaintiff] to use the gas tank," Plaintiff asked him to please pull up so she could get some gas. (Plaintiff's Complaint, p. 4). Defendant Spurgeon allegedly ignored this request and continued with his conversation. Plaintiff again requested that Defendant Spurgeon move his car. Defendant responded that he would move his car but turned back to his conversation and did not move the car. Plaintiff again asked Defendant Spurgeon to move his car, but he ignored this third request.

Having been ignored, Plaintiff then asked Spurgeon "if he would move his damn truck, that the pumps were not for socializing, they were for people to buy gas and go on about their business." (Plaintiff's Complaint, pp. 4–5). Spurgeon looked at Plaintiff but returned to his conversation. Spurgeon then turned back to Plaintiff and asked her what she had said to him. Plaintiff responded that she had asked him to "move his damn truck." Spurgeon then moved his vehicle away from the pumps. Spurgeon walked back to Plaintiff's car, in which Plaintiff was sitting and looking through her purse. Defendant Spurgeon told her to get out of the car, but Plaintiff refused. Spurgeon again told her to get out of the car and to close and leave her purse in the car. Plaintiff again refused to get out of the car. Spurgeon informed Plaintiff that she had to get out of the car because she was under arrest. Plaintiff responded that he could not arrest her. At this point, Defendant Spurgeon allegedly had not informed Plaintiff that he was a police officer. Spurgeon again requested that Plaintiff get out of the car and showed her his badge,

allegedly laughing while he did so. By this time, other police officers had arrived at the gas station. Plaintiff got out of her car, and Defendant Spurgeon asked one of the other officers to take Plaintiff to the police station and charge her with disorderly conduct.

Plaintiff was taken to the police station and booked for disorderly conduct. She was charged with violating section 42.01(a)(1) of the Texas Penal Code, which makes it an offense for a person to intentionally or knowingly use "abusive, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace." TEX. PENAL CODE ANN. § 42.01(a)(1) (Vernon 1994). Plaintiff was then placed in jail for an unspecified amount of time. Plaintiff's criminal case was dismissed on May 21, 1996.

As a result of this incident, Plaintiff alleges that her constitutional rights under the Fourth and Fourteenth Amendments were violated and sues for relief under 42 U.S.C. § 1983. Plaintiff additionally alleges a violation of her rights under Article I, Section 9 of the Texas Constitution and asserts state common-law tort claims for false imprisonment, false arrest, and malicious prosecution. Finally, Plaintiff alleges that the statute pursuant to which she was arrested is unconstitutional. Defendants seek dismissal of all claims.

The Court first addresses Plaintiff's section 1983 claims against Defendants. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

In order to ascertain a defendant's liability under section 1983, the Court must isolate the precise constitutional violation of which a plaintiff complains. Indeed, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured

by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

Plaintiff alleges a violation of her rights under the Fourth and Fourteenth Amendments. Specifically, she alleges that she was arrested without probable cause and that this arrest represented a violation of her right to be free from unreasonable searches and seizures under the Fourth Amendment. Plaintiff has thus pled a deprivation of a right secured by the Constitution.

The Court finds, however, that Plaintiff's allegations and pleadings fail to show a deprivation of a right secured by the Constitution. In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Even accepting Plaintiff's version of the facts as true, the Court finds no constitutional violation in Defendants' conduct.

■ Plaintiffs' basic complaint is that her arrest and detention were wrongful. Under a tort theory, they may well have been. Under a section 1983 constitutional-law analysis, however, they were not. No section 1983 cause of action exists for false arrest unless the arresting officer lacked probable cause. *Fields v. City of S. Houston*, 922 F.2d 1183, 1189 (5th Cir.1991). In the instant case, Plaintiff was arrested without a warrant. To satisfy the Fourth Amendment, a warrantless search must be based on probable cause, which "exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 83, 136 L.Ed.2d 40 (1996). The Fifth Circuit has held that an arrest for an offense committed in a police officer's presence meets the constitutional requirement of probable cause. *Hunter v. Clardy*, 558 F.2d 290, 291 (5th Cir.1977) (citing *United States v. Salvo*, 447 F.2d 474, 475–76 (5th Cir.), *cert.*

*denied,* 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971)).

■ The Court finds sufficient probable cause in the instant case to satisfy the requirements of the United States Constitution. As the facts indicate, Plaintiff was engaged in an escalating verbal exchange with Defendant Spurgeon. Near the conclusion of this exchange, Plaintiff told Defendant Spurgeon to "move his damn truck." Section 42.01 prohibits the use of profane and abusive language in a public place that tends to incite an immediate breach of the peace. It is clear that Plaintiff used profane, and possibly abusive, language in a public place. It is also clear that Plaintiff had become increasingly upset and confrontational over Defendant Spurgeon's refusal to move his truck out of the way. The circumstances surrounding the determination of probable cause for an arrest "must be viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search." *United States v. Muniz–Melchor*, 894 F.2d 1430, 1438 (5th Cir.), *cert. denied,* 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). It is not for this Court to second guess the conduct of police officers in the street, who must make split-second life and death decisions. The Court finds it was reasonable for Defendant Spurgeon to believe that an immediate breach of the peace could result from Plaintiff's profane and possibly abusive language. Thus, it was reasonable for Defendant Spurgeon to believe that an offense under section 42.01 was being committed in his presence. Given the totality of the circumstances, the Court finds that Defendant Spurgeon had probable cause to arrest Plaintiff and did not violate her Fourth Amendment rights in arresting her. Absent a violation of this constitutional right, Plaintiff fails to assert a section 1983 claim upon which relief can be granted. Therefore, all section 1983 claims against all Defendants are **DISMISSED WITH PREJUDICE.**

The Court declines to exercise its supplemental jurisdiction to decide Plaintiff's state-law claims of false arrest, false imprisonment, and malicious prosecution against Defendant Officer Mark Spurgeon. Therefore,

these state-law tort claims against Defendant Spurgeon are **DISMISSED WITHOUT PREJUDICE** and may be refiled in a state court of competent jurisdiction. The Court notes that it is not today deciding the totality of this factual dispute; it is only stating that what happened does not rise to a constitutional violation. This is an unfortunate incident in all respects. It is unfortunate that Plaintiff chose a police officer to harangue. It is unfortunate that Defendant Spurgeon acted unprofessionally, insensitively, and rudely in refusing to move his car out of the way and in his attitude toward Plaintiff. The Court admonishes this officer that it will scrutinize further any actions by him. If Defendant Spurgeon's behavior was as arrogant and obnoxious as Plaintiff claims, the Court encourages Plaintiff to seek redress in a state court of competent jurisdiction. The Court is not herein finding that Defendant Spurgeon's conduct was not wrongful; it is merely finding that it was not unconstitutional. While the Court sympathizes with Plaintiff and realizes she may have been upset and humiliated by her arrest, the Court must also recognize that "[t]he Constitution does not guarantee that only the guilty will be arrested." *McCollan,* 443 U.S. at 145, 99 S.Ct. at 2695.

■ The Court will exercise its supplemental jurisdiction over Plaintiff's state-law tort claims against Defendants City of Texas City and City of Texas City Police Department.[1] Plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution. The doctrine of governmental immunity, however, shields governmental units from liability for torts committed by their employees except to the extent that the immunity is waived by the Texas Tort Claims Act. *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 121 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.). Immunity is not waived for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX.CIV.PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1986). Plaintiff's claims of false imprisonment, false arrest,

and malicious prosecution are intentional tort claims, for which immunity is not waived. Therefore, Plaintiff's claims against the City of Texas City Defendants for false imprisonment, false arrest, and malicious prosecution must fail as a matter of law because of these Defendants' immunity. *See City of Hempstead,* 902 S.W.2d at 121 (holding a city immune from liability for claims of false arrest, malicious prosecution, and defamation). Accordingly, these state common-law tort claims against the City of Texas City Defendants are **DISMISSED WITH PREJUDICE.**

■ Plaintiff also asserts a state law claim against all Defendants for violation of the Texas Constitution, and the Court exercises its supplemental jurisdiction in ruling on this claim. Plaintiff alleges that Defendants violated Article I, Section 9 of the Texas Constitution, which protects individuals from unreasonable searches and seizures. Defendants argue, however, that no private cause of action for damages exists for a violation of the Texas Constitution. The Court finds Defendants' argument persuasive. Like the courts of the State of Texas, this Court recognizes that Texas has a strong bill of rights, but the Texas bill of rights does not provide "a citizen the kind of redress afforded by 42 U.S.C. § 1983 or by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). There is no state 'constitutional tort.'" *Bagg v. University of Tex. Medical Branch,* 726 S.W.2d 582, 584 n. 1 (Tex.App.— Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see also City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148 (Tex.1995) (stating that there is no authority to "indicate that at the time the [Texas] Constitution was written, it was intended to provide an implied private right of action for damages for the violation of constitutional rights"). One Texas court has specifically held that there is no private right of action for damages for a violation of Article I, Section 9 of the Texas Constitution, the provision under which Plaintiff asserts

---

**1.** The Court notes that both entities are named as Defendants but that the City of Texas City Police Department is a department of the City and is not a separate legal entity amenable to suit. For the sake of clarity and completeness regarding this Order, however, the Court will refer to these two entities as the City of Texas City Defendants.

her claim. *Tutt v. City of Abilene,* 877 S.W.2d 86, 89 (Tex.App.—Eastland 1994, writ denied); *cf. City of Beaumont,* 896 S.W.2d at 149 (holding that there is no implied right of action for damages under the Texas Constitution for violation of an individual's speech and assembly rights under Article I, Section 8). Therefore, as to her allegations regarding a violation of the Texas Constitution, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims under the Texas Constitution against all Defendants.

■ Plaintiff's Complaint contains a final allegation that section 42.01 of the Texas Penal Code is unconstitutional because it infringes upon the First Amendment right of freedom of speech. The City of Texas City Defendants and Defendant Spurgeon hold no responsibility for the enactment of this statute and are not the proper targets of such a claim. Therefore, as to these Defendants, Plaintiff's claim regarding the constitutionality of section 42.01 is **DISMISSED WITH PREJUDICE.** The Court notes that the State of Texas is named as a Defendant in this case, but Plaintiff admits that no service of process has been taken against this Defendant. In her Response, Plaintiff states that she wishes to "abandon those allegations [regarding the constitutionality of the statute] and reserve the argument and/or constitutional challenge for another day." (Plaintiff's Response to Defendants' Motion to Dismiss, p. 3). Although Plaintiff has made no formal motion to dismiss its claims against the State of Texas, the Court interprets Plaintiff's statement as a desire to do so. Therefore, Plaintiff's claim against the State of Texas regarding the constitutional status of section 42.01 is **DISMISSED WITHOUT PREJUDICE.**

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **GRANTED.** Each and every section 1983 claim by Plaintiff against each and every Defendant is **DISMISSED WITH PREJUDICE.** Plaintiff's state-law tort claims of false arrest, false imprisonment, and malicious prosecution against Defendant Spurgeon are **DISMISSED WITHOUT PREJUDICE** and

may be refiled in a state court of competent jurisdiction. Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution against the City of Texas City Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claims under Article I, Section 9 of the Texas Constitution against all Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claims regarding the constitutionality of section 42.01 against Defendant Spurgeon and the City of Texas City Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claim regarding the constitutionality of section 42.01 against the State of Texas is **DISMISSED WITHOUT PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this day, Defendant's Motion to Dismiss is **GRANTED.** Each and every section 1983 claim by Plaintiff against each and every Defendant is **DISMISSED WITH PREJUDICE.** Plaintiff's state-law tort claims of false arrest, false imprisonment, and malicious prosecution against Defendant Spurgeon are **DISMISSED WITHOUT PREJUDICE** and may be refiled in a state court of competent jurisdiction. Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution against the City of Texas City Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claims under Article I, Section 9 of the Texas Constitution against all Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claims regarding the constitutionality of section 42.01 against Defendant Spurgeon and the City of Texas City Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's claim regarding the constitutionality of sec-

tion 42.01 against the State of Texas is **DISMISSED WITHOUT PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**THIS IS A FINAL JUDGMENT.**