NUMBER
13-01-433-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                           CORPUS
CHRISTI

___________________________________________________________________

 

JAMES A. KOEPKE,                                                  Appellant,

 

                                           v.

 

ANDRES MARTINEZ, NORA MARIBEL MARTINEZ, 

AND MARIA G. MARTINEZ, INDIVIDUALLY AND 

AS NEXT FRIEND OF ANDRES MARTINEZ, JR. 

AND CLAUDIA MARTINEZ,                                        Appellees.

___________________________________________________________________

 

                  On
appeal from the 275th District Court

                           of
Hidalgo County, Texas.

__________________________________________________________________

 

                              O
P I N I O N

 

         Before
Chief Justice Valdez and Justices Yañez and Rodriguez

                                Opinion
by Justice Rodriguez

 








Following a dog attack, appellant, James
A. Koepke, was sued by appellees Andres Martinez (Andres) and his wife Maria
Martinez (Maria)[1]
under various theories of recovery, including negligence and bystander
claims.  Finding Koepke sixty percent
negligent and Andres forty percent negligent, the jury awarded zero
damages.  Appellees filed a motion for
judgment notwithstanding the verdict (JNOV). 
The trial court granted appellees= motion for JNOV and entered a judgment
awarding appellees approximately $200,000. 
The trial court overruled Koepke=s motion for new trial,  and Koepke subsequently filed his notice of
appeal.  By two points of error, Koepke
contends: (1) the trial court should have granted his motion for summary
judgment and/or directed verdict because he owed no duty to appellees as a
matter of law; and (2) the trial court should have denied appellees= motion
for JNOV and entered judgment on the jury=s verdict because a scintilla of evidence
existed supporting the jury=s findings.  We reverse and render.

I. FACTS

On May 25, 1994, Koepke sold his Shar-Pei
dog (Jackie Chan) to Teresa Canales (Canales). 
Maria was employed by Canales. 
Because Canales was out of town, Maria traveled to Koepke=s home,
exchanged Canales=s money for Jackie Chan and took the dog
to Canales=s home.








The next day, while at Canales=s home,
Andres went into the backyard to feed Jackie Chan. Andres alleges that Jackie
Chan knocked him to the ground, bit his hand, left index finger, and chest, and
began to bite at his throat.  Andres
claims he sustained injuries to his finger and chest, suffered a torn rotator
cuff in his left shoulder, and a herniated disk in his lower back.

Andres brought suit claiming negligence,
misrepresentation, strict liability, and gross negligence.  Maria brought suit for loss of consortium and
mental anguish, and their children brought bystander claims.  

The jury returned a verdict finding Andres
forty percent negligent and Koepke sixty percent negligent.  The jury awarded zero damages to all
appellees.  Appellees subsequently filed
a motion to enter judgment notwithstanding the verdict.  The motion was granted and damages were
awarded.   

II. DIRECTED VERDICT

By his first point of error, Koepke
contends the trial court should have granted his motion for directed verdict
because Koepke owed no duty to appellees as a matter of law.[2]

A. Directed Verdict Standard of Review








A directed verdict is proper when 1) a
defect in the opponent=s pleadings makes them insufficient to
support a judgment, 2) the evidence conclusively proves a fact that establishes
a party=s right
to judgment as a matter of law, or 3) the evidence offered on a cause of action
is insufficient to raise an issue of fact. 
Thedford v. Missouri Pac. R.R. Co., 929 S.W.2d 39, 51 (Tex. App.BCorpus
Christi 1996, writ denied); Rowland v. City of Corpus Christi, 620
S.W.2d 930, 932-33 (Tex. Civ. App.BCorpus Christi 1981, writ ref=d
n.r.e.).  

The denial of a motion for directed
verdict lays the foundation for challenging the evidence on appeal by points of
error contending there was Ano evidence@ of a
certain fact or that a fact was established Aas a
matter of law.@  See,
e.g., Weidner v. Sanchez, 14 S.W.3d 353, 366 (Tex. App.BHouston
[14th Dist.] 2000, no pet.) (no evidence of damages); White v. Liberty Eylau
Indep. Sch. Dist., 920 S.W.2d 809, 813 (Tex. App.BTexarkana
1996, writ denied) (evidence failed to establish bus driver as employee of
school district as a matter of law).  We
review the denial of a directed verdict by a legal sufficiency or Ano
evidence@
standard of review.  City of Alamo v.
Montes, 904 S.W.2d 727, 732 (Tex. App.BCorpus Christi 1995, writ dism=d). 

In reviewing a legal insufficiency point,
we examine the record by considering only the evidence and inferences favorable
to the judgment, and uphold the trial court's decision if there is more than a
scintilla of supporting evidence.  Worsham
Steel Co. v. Arias, 831 S.W.2d 81, 83 (Tex. App.BEl Paso
1992, no writ). 

The trial court should direct a verdict
when reasonable minds can draw only one conclusion from the evidence.  Vance v. My Apt. Steak House, Inc., 677
S.W.2d 480, 483 (Tex. 1984); Collora v. Navarro, 574 S.W.2d 65, 68 (Tex.
1978).








B. Analysis 

Liability in a negligence action requires:
(1) a legal duty owed one person by another; (2) a breach of that duty; (3)
that the breach was a proximate cause of the injury; and (4) actual
injury.  Bird v. W.C.W., 868
S.W.2d 767, 769 (Tex. 1994);  Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 595 (Tex. 1986).  The existence of a duty is a threshold
question of law.  Greater Houston
Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  The nonexistence of a duty ends the inquiry into
whether negligence liability may be imposed. 
Id.; Chapa v. Koch Ref. Co., 985 S.W.2d 158, 162 (Tex.
App.BCorpus
Christi 1998), rev=d on other grounds, 11
S.W.3d 153 (Tex. 1999).

The gist of an action brought to recover
for injuries caused by a domestic animal, resulting from other than known
vicious propensities,[3]
is usually negligence of the owner or keeper in the keeping or handling of the
animal.  Dunnings v. Castro, 881
S.W.2d 559, 562 (Tex. App.BHouston [1st Dist.] 1994, writ
denied).  Therefore, appellees were
required to prove that Koepke was the owner or keeper of Jackie Chan at the
time of the incident, and that he negligently handled Jackie Chan.  See id.








In this case, it was uncontested at trial
that Canales, not Koepke, was the owner of the dog at the time of the incident,
and that the alleged attack occurred on Canales=s
property.  See Dunnings, 881
S.W.2d at 562.  Because Koepke was
neither the owner, nor the handler, of Jackie Chan at the time of the incident,
he owed no duty to appellees.  See
Phillips, 801 S.W.2d at 525. Appellees cannot now argue Koepke mishandled
Jackie Chan because he was neither the owner, nor the handler at the time of
the incident.  See Dunnings, 881
S.W.2d at 562.  Thus, reasonable
minds could not differ in their conclusion that Koepke owed no duty to
appellees as a matter of law.  Vance,
677 S.W.2d at 483; Collora, 574 S.W.2d at 68.  Koepke=s first point of error is sustained.[4]

Accordingly, we reverse the trial court=s order
denying Koepke=s motion for directed verdict and render
judgment in favor of Koepke.

 

NELDA V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.3

 

Opinion
delivered and filed this

the 22nd
day of August, 2002.

 

 











[1]Appellees
in this case are Andres Martinez (Andres), his wife Maria Martinez (Maria), and
their children Nora, Andres, Jr., and Claudia.





[2]Koepke
also contends the trial court erred in denying his motion for summary
judgment.  However, generally the denial
of a motion for summary judgment is not appealable.  Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623, 625 (Tex. 1996).  The failure
to grant a motion for summary judgment is reviewable on appeal only if all
parties in interest file motions for summary judgment and the appeal is from
the granting of one of them.  Ackermann
v. Vordenbaum, 403 S.W.2d 362, 364 (Tex. 1966).  In this instance, Koepke was the only party
to file a motion for summary judgment. 
Thus, this contention is without merit.  





[3]Suits
for damages caused by vicious animals are governed by principles of strict
liability, predicated upon a showing of the vicious or aggressive tendencies of
the animal and the owner=s knowledge of
that propensity.  Dunnings v. Castro, 881
S.W.2d 559, 562 (Tex. App.BHouston
[1st Dist.] 1994, writ denied).  In this
case, appellees= strict
liability claim was dismissed by the trial court.





[4]Because
of our disposition of Koepke=s
first point of error, we need not address the remaining point of error.  See Tex.
R. App. P. 47.1.