**Alfred MORENO and Emma Moreno,**
**Plaintiffs–Appellants,**

v.

**STERLING DRUG, INC.,**
**Defendant–Appellee.**

**Camilla SLOAN and James Sloan,**
**Plaintiffs–Appellants,**

v.

**STERLING DRUG, INC.,**
**Defendant–Appellee.**

No. 87–5583
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 30, 1990.

Leslie Stephen Mendelsohn, James M. Heidelberg, San Antonio, Tex., for plaintiffs-appellants.

Wayne Fisher, Houston, Tex., for amicus Texas Trial Lawyers Assoc.

Mark M. Donheiser, P. Michael Jung, Dallas, Tex., for defendant-appellee.

Michael T. Gallagher, David W. Holman, Houston, Tex., for amicus Assoc. of Trial Lawyers of America.

Javier P. Guajardo, Asst. Atty. Gen., Austin, Tex., for amicus State of Tex.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

## ON CERTIFICATION TO THE TEXAS SUPREME COURT

PER CURIAM:

On July 22, 1988 we certified two questions to the Texas Supreme Court:

1. Does the "discovery rule" apply to the Texas Statute of Limitations, TEX. CIV.PRAC. & REM.CODE § 16.003(b), in an action brought pursuant to the Texas Wrongful Death and Survival Statutes, TEX.CIV.PRAC. & REM.CODE § 71.001 *et seq.* and § 71.021, respectively?

2. If the discovery rule does not apply to the Texas Statute of Limitations in wrongful death and survival actions, does that statute of limitations, as applied to the plaintiffs herein, violate the open courts provision of the Constitution of the State of Texas, TEX.CONST. art. I, § 13?

By an opinion delivered March 28, 1990 and filed with this court on April 2, 1990, the Texas Supreme Court ruled that the discovery rule did not apply to the wrongful death statute of limitations and that the statute of limitations as thus applicable to the plaintiffs herein did not violate the open courts provision of the Constitution of the State of Texas. 787 S.W.2d 348.

It is now our duty to apply the law of Texas, as interpreted by Texas' highest court, to the suits at bar. The district court *a quo* granted summary judgments in favor of Sterling Drug, Inc. and dismissed as time barred the claims of the plaintiff. Guided by the responses of the Texas Supreme Court to our certified ques-

tions, the judgments of the district court in these two cases are AFFIRMED.