**Billie Sue DANNELLEY, Appellant,**

v.

**Shari Diane ALMOND, as Next Friend of Roger Shane ALMOND and Michael Lewis Almond, Minors, Appellee.**

No. C14–91–00747–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 26, 1992.

Rehearing Denied April 30, 1992.

Gary L. McConnell, Angleton, for appellant.

Frank A. Lima, West Columbia, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Billie Sue Dannelley appeals from a summary judgment in which the trial court held that she lacked standing to deny appellee's paternity suit pursuant to TEX.FAM.CODE ANN. § 1.91(b) (Vernon Supp.1991) and dismissed her plea in intervention. The issue before this court is whether the one-year statute of limitations provision in § 1.91(b) to prove an informal marriage violates the open courts clause in TEX. CONST. art. I, § 13, and the equal protection guarantee in TEX. CONST. art. I, § 3. For the reasons hereinafter stated, we find section 1.91(b) is constitutional. We affirm.

Appellant and James E. Dannelley (decedent) were divorced in Matagorda County, Texas, on January 29, 1985, and the court divided up their community property. The decedent died intestate on December 22, 1989. Appellant filed an affidavit of heirship on January 16, 1990, stating that decedent's estate was valued at less than $200,-000 and required no administration. On January 24, 1991, appellee filed an application to determine heirship under section 42(b) of the Texas Probate Code and alleged that the decedent fathered her two sons, Roger Shane Almond, born May 14, 1978, in Wharton, Texas, and Michael Lewis Almond, born May 22, 1982, in Galveston, Texas. On March 18, 1991, appellant filed a Plea in Intervention contending she was married to the decedent at the time of his death and denying appellee's paternity claims. On May 23, 1991, appellee filed a Motion for Summary Judgment seeking to dismiss appellant's intervention plea. After a hearing on June 26, 1991, the trial court granted appellee's summary judgment holding that appellant lacked standing to intervene under section 1.91(b) of the Texas Family Code and struck appellant's pleadings. On July 25, 1991, the trial court denied appellant's Motion for New Trial and granted her motion to sever the above partial summary judgment. On July 29, 1991, the trial court entered judgment declaring that Roger Shane Almond and Michael Lewis Almond were the decedent's lawful heirs.

In her first point of error, appellant contends the trial court erred in granting appellee's summary judgment because section 1.91(b) of the Texas Family Code is unconstitutional and violates both the Texas open courts provision, article I, section 13, and the equal protection clause, article I, section 3, of the Texas Constitution. We disagree.

Section 1.91(b) of the Texas Family Code provides as follows:

A proceeding in which a marriage is to be proved under this section [Proof of Certain Informal Marriage] must be commenced not later than one year after the date on which the relationship ended or

not later than one year after September 1, 1989, whichever is later.

TEX.FAM.CODE ANN. § 1.91(b) (Vernon Supp. 1991).

 In examining this statute's constitutionality, we begin our analysis with a presumption of validity. We presume the legislature had not acted unreasonably or arbitrarily. *Maderazo v. Archem Co.,* 788 S.W.2d 395, 397 (Tex.App.—Houston [14th Dist.] 1990, no writ). A mere difference of opinion, where reasonable minds could differ, is insufficient to strike down legislation as arbitrary or unreasonable. *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983).

Appellant alleges this one-year statute of limitations violates the open court provision of the Texas Constitution by imposing an unreasonable time period restriction on her right to establish her common-law marriage to decedent and by retroactively eliminating her community property rights. She claims the statute is arbitrary and capricious because formally married spouses are considered legally married until the marriage is dissolved by death or divorce while common-law marriage spouses must prove up their marriage within one year if the relationship terminates through death or agreement.

Article I, section 13, of the Texas Constitution provides, in pertinent part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. This provision, known as the "open courts" provision, is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990) (answers to certified questions, 899 F.2d 389). In order to establish an "open courts" violation, a litigant must satisfy a two-part test:

First, he must show that he has a well-recognized common-law cause of action that is being restricted; and second, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Id.*

In this case, we find appellant has a cognizable common-law cause of action since informal marriages have been long recognized in Texas law and were ultimately codified in the Texas Family Code. *See Estate of Claveria v. Claveria,* 615 S.W.2d 164, 166 (Tex.1981); TEX.FAM.CODE ANN. § 1.91 (Vernon 1975). Originally, section 1.91(b) provided that proof of an agreement to be married could be *inferred* from evidence that the parties lived together as husband and wife and represented to others that they were married. TEX.FAM.CODE ANN. § 1.91(b) (Vernon 1975). However, in 1989, the legislature amended section 1.91(b) to require that an informal marriage be proved in a proceeding within one year after the relationship terminates. TEX.FAM.CODE ANN. § 1.91(b) (Vernon 1991). Hence, our analysis revolves around the second prong of the *Moreno* test: whether the statute's restriction on appellant is unreasonable or arbitrary when balanced against the statute's purpose and basis.

The Texas Supreme Court recently construed that this statute does not contradict State or public policy by prescribing a definite one-year limitations period for bringing forth proof of an actual informal marriage in *Mossler v. Shields,* 818 S.W.2d 752 (Tex.1991). In *Mossler,* the claimant filed a divorce petition in Houston, Texas, contending the existence of a common-law marriage to her alleged husband. The trial court dismissed her petition with prejudice because she failed to comply with discovery requests for nearly a year. Later, the claimant established residency in Orange County, Texas, and again filed the exact same divorce petition. The Orange County court rendered summary judgment in favor of the alleged husband since the Houston court had dismissed this identical claim with prejudice. The court of appeals reversed by finding that the claimant cannot be estopped from raising common-law marriage issues or subsequent divorce entitlements since she would be "condemned to a life sentence in marriage" and totally pre-

cluded from procuring a divorce or a ruling that the marriage ever existed. However, the Texas Supreme Court disagreed by holding that estoppel to prove the existence of a common-law marriage functions as a bar to any future allegations that the common-law marriage existed prior to the initial suit dismissal. *Id.* at 754. Additionally, the court noted that the Texas legislature indicated its approval of barring common-law marriage claims under certain situations by recently amending section 1.91(b) of the Texas Family Code. *Id.* The court concluded that "[o]nce the limitation pursuant to this statute has run, a party's subsequent claim of the existence of a common-law marriage stemming from the original relationship is barred ..." *Id.*

▮ Here, we believe the purpose of section 1.91(b) is to counteract the lack of public record proof found in informal marriages by accurately and timely identifying the status of allegedly married spouses and their potential children. Further, we presume the legislature's intent in mandating a specific time period was not to take away appellant's right to bring her cause of action to our courts, but to merely define the permissibly allotted time to show proof of the alleged informal marriage. Primarily, a limitations statute compels the assertion of a cause of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available. *Matthews Construction Co., Inc. v. Rosen,* 796 S.W.2d 692, 694 (Tex. 1990). Statutes of limitations afford plaintiffs what the legislature deems an adequate time to present their claims and also protect defendants and the courts from cases in which the search for truth may be seriously impaired by the loss of evidence. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). Nowhere in this case's record does appellant argue she was completely deprived of this right or even articulate reasons why she failed to comply with the one-year limitations period. Moreover, Texas does not regard the marital relationship as a contract vesting rights in the parties so as to preclude the retroactive application of amendments to the laws which govern that relationship. *Hopkins*

*v. Hopkins,* 540 S.W.2d 783 (Tex.App.— Corpus Christi 1976, no writ). After balancing the statute's purpose of timely alleviating the non-existent public record proof of informal marriages against the one-year statute of limitations restriction, we find the statute is not arbitrary or unreasonable, but a justifiable time period enabling appellant to bring forth her claim of an informal marriage. Thus, we find that section 1.91(b) does not violate the open courts provision of the Texas Constitution.

▮ Next, appellant complains that section 1.91(b) violates the equal protection clause of the U.S. and Texas Constitutions since it classifies and treats common-law spouses differently from ceremonially-married spouses. She claims both types of marriage have the same legal status under Texas law, yet only common-law spouses are obligated to promptly assert their rights and benefits in a subsequent divorce or probate proceeding.

Article I, section 3, of the Texas Constitution provides:

> All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

TEX. CONST. art. I, sec. 3. The Texas Supreme Court has guided us in equal protection claims analysis by stating:

> Equal protection decisions, however, recognize that a state cannot function without classifying its citizens for various purposes and treating some differently than others. The general rule is that when the classification created by the state regulatory scheme neither infringes fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally related to a legitimate state interest.

*Sullivan v. University Interscholastic League,* 616 S.W.2d 170, 172 (Tex.1981). We believe the case at bar does not involve a fundamental right or a suspect class,

although appellant erroneously asserts that we should impose the "heightened scrutiny" evaluation designed for illegitimacy classification. Appellant alleges that persons married ceremonially or informally are similarly situated as a class and should not be treated differently. We disagree. As discussed above, the legislature has a legitimate and reasonable interest in requiring claimants to timely prove the existence of alleged informal marriages in order to facilitate divorce and probate proceedings. It is unnecessary to mandate this type proof for ceremonially-married couples as the public records would quickly give us access to this information. In construing the necessary proof to establish a marriage has taken place, we find that informally-married parties cannot be classified or treated the same as ceremonially-married ones. Therefore, we find that the one-year limitations provision in section 1.91(b) is reasonably related to the State's interest in diligently processing claims involving the existence of informal marriages and its applicable rights and benefits. Consequently, we find this statute does not violate the equal protection clause of the Texas Constitution either. Hence, the trial court did not err in granting summary judgment in favor of appellee because appellant did not assert her claim within the one-year limitations period prescribed in section 1.91(b), and therefore, lacked standing to intervene in appellee's paternity suit. We overrule appellant's first point of error.

In appellant's second point of error, she contends that the trial court erred in entering a judgment declaring that appellee's two sons were the decedent's lawful heirs because her Plea in Intervention was erroneously struck. Because we have determined already that section 1.91(b) is constitutional, we find it unnecessary to discuss this point further.

We affirm the judgment.