**Duane LAVELY, Appellant,**

v.

**Mary HEAFNER, Appellee.**

**No. 14–96–01579–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 10, 1998.

John Brice Carroll, Don D. Becker, Houston, for appellant.

William D. Soffar, Bellaire, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this declaratory judgment case, Duane Lavely appeals a judgment granted in favor of Mary Heafner on the grounds that the trial court erred by: (1) refusing to file findings of fact and conclusions of law; (2) failing to give Lavely forty-five days notice of the first trial setting; (3) awarding Heafner attorney's fees where: (a) there was no evidence that the fees were reasonable or necessary, and (b) the attorney's fees were incurred in a different case in a different court; and (5) denying Lavely's plea in abatement and plea to the jurisdiction. We vacate the judgment of the trial court and dismiss the case as moot.

### Background

Heafner sued Lavely for a declaratory judgment that there had never been a marital relationship between them. After a bench trial, the court entered judgment that there had never been any form of marital relationship between Heafner and Lavely and awarded Heafner attorney's fees.

### Jurisdiction

■ A court must consider its jurisdiction and dismiss a case for which jurisdiction is lacking even if the issue is not raised by the parties. *See Birmingham Fire Ins. Co. v. American Nat'l Fire Ins. Co.*, 928 S.W.2d 226, 228 (Tex.App.—Texarkana 1996, no writ); *Matthews v. Cohen*, 807 S.W.2d 605, 606 (Tex.App.—Houston [14th Dist.] 1991, no writ). The purpose of a declaratory judgment is to settle uncertainty with respect to legal rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (Vernon 1997).[1] A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *See id.*

■ Because appellate courts do not decide cases in which no controversy exists between the parties, a case is generally rendered moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988). Where a live controversy ceases to exist between the parties, any opinion a court might render would be strictly advisory. *See City of Alamo v. Montes*, 934 S.W.2d 85, 85 (Tex.1996); *Speer v. Presbyterian Children's Home and Service Agency*, 847 S.W.2d 227, 229 (Tex.1993). In that event, the judgment of the trial court granting affirmative relief should be vacated and the case dismissed as moot. *See City of Alamo*, 934 S.W.2d at 85; *Speer*, 847 S.W.2d at 230.

In any judicial, administrative, or other proceeding, an informal marriage may be proved by evidence that: (1) a declaration of the marriage was executed; or (2) the man and woman agreed to be married, lived together after the agreement as husband and

---

1. However, Texas trial courts should decline to exercise jurisdiction to declare non-liability in a tort case because a declaration of non-liability for past conduct deprives the potential plaintiff of the right to determine whether to file suit and, if so, when and where. *See BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990).

wife, and represented to others that they were married. *See* TEX. FAM. CODE ANN. § 1.91(a) (Vernon 1993) (current version at TEX. FAM. CODE ANN. § 2.401(a) (Vernon Pamph.1998)). However, a proceeding in which an informal marriage is to be proved must be commenced not later than one year after the date on which the relationship ended. *See* TEX. FAM. CODE ANN. § 1.91(b) (Vernon 1993) (current version at TEX. FAM. CODE ANN. § 2.401(b) (Vernon Pamph.1998)).[2] Once this one year limitation period expires, a party is barred from offering any proof of the relationship and lacks standing to prosecute such a claim.[3] Section 1.91(b) is a statute of limitations rather than a jurisdictional requirement. *See In re Collins,* 870 S.W.2d 682, 684–85 (Tex.App.—Amarillo 1994, writ denied).

During trial in this case, Lavely testified that he and Heafner agreed to be married in 1993 but discontinued their relationship on February 14, 1994. This testimony established that, since February 14, 1995, Lavely had been barred from initiating a proceeding to prove the existence of that informal marriage. *See* TEX. FAM. CODE ANN. § 1.91(b). In light of this testimony, the trial court would have had jurisdiction, had Heafner sought it, to grant a declaratory judgment that any proceeding to prove the marriage was time barred. However, once expiration of the limitations period was established, no live controversy could continue to exist as to the underlying facts regarding the existence of the marriage because, due to the time bar, a decision on those facts would have no legal effect and would thus be strictly advisory. *See, e.g., Georgiades v. Di Ferrante,* 871 S.W.2d 878, 881 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

▮ Therefore, Lavely's testimony caused any controversy regarding the existence of the informal marriage to become moot as to any actions in which a proceeding to prove the informal marriage had not been initiated by that date. Because this lawsuit for declaratory judgment was not filed until March of 1996, Lavely's testimony established that: (1) he had already become barred from proving the existence of the informal marriage by that time; (2) there was no live controversy whether the informal marriage had ever existed; and (3) the trial court therefore had no subject matter jurisdiction to enter a declaratory judgment on that issue.

Despite Lavely's testimony, Heafner argues that a live controversy exists between the parties because: (1) Lavely has falsely claimed to be her common law husband in order to cloud her estate; (2) Lavely committed acts of conversion and theft of funds in 1992–94; and (3) a declaratory judgment that an informal marriage never existed would prevent Lavely or others from claiming in any civil or criminal action that Lavely had authority to remove funds from Heafner's account because they were married at the time.

An action for declaratory judgment will generally not be entertained if, at the time it is filed, another action or proceeding is pending between the same parties in which the issues involved in the declaratory action may

**2.** Section 1.91(b) was amended and later recodified as Family Code section 2.401(b). This provision now creates a rebuttable presumption that the parties did not enter into an agreement to be married if a proceeding to prove the informal marriage is not commenced before the second anniversary of the date on which the parties separated and ceased living together. *See* TEX. FAM. CODE ANN. § 2.401(b) (Vernon Pamph. 1998). The amendment governs all suits commenced on or after September 1, 1995. *See* Act effective September 1, 1995, 74th Leg., R.S., ch. 891, § 2(b), 1995 Tex. Gen. Laws 336 (to be codified as an amendment to TEX. FAM. CODE ANN. § 1.91(b)). However, this change did not permit an action to prove the existence of an informal marriage to be commenced on or after September 1, 1995 if the action was already barred for failure to bring it before the first anniversary of the date the relationship ended. *See id.* § 2(c). Therefore, as discussed below, the former version of section 1.91(b) applies in this case.

**3.** *See Shepherd v. Ledford,* 962 S.W.2d 28, 35 (Tex.1998) (holding that appellee could not maintain a wrongful death action because she had failed to initiate a proceeding to prove her standing as the deceased's common-law surviving spouse within one year of his death); *Dannelley v. Almond,* 827 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1992, no writ) (holding that appellant lacked standing to intervene in heirship proceeding because she failed to assert her claim of informal marriage within one year of decedent's death).

be adjudicated. *See Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex.1970).[4] In so far as the declaratory judgment is sought for guidance in such pending proceedings, the trial court should decline to exercise jurisdiction. *See id.*

If, by February 15, 1995, a party to any other judicial, administrative, or other proceeding alleged that Heafner and Lavely had been married, then the trial court in this case would have been precluded from entertaining a declaratory judgment action on that issue because it was already pending in another case.[5] Alternatively, if, by that date, no party to any such proceeding had alleged the existence of an informal marriage between Heafner and Lavely, then that fact could no longer be proved and was moot. In either event, the trial court in this case had no jurisdiction to render a declaratory judgment on that issue.

Upon giving the parties ten days notice of the dismissal pursuant to Texas Rule of Appellate Procedure 42.3, Heafner and Lavely each filed responses opposing and supporting dismissal, respectively. Finding no meritorious grounds for retaining the appeal in Heafner's response, we vacate the judgment of the trial court and dismiss the case as moot.

---

4. A possible rationale for this rule is that a declaratory judgment action should not be available to determine and thereby collaterally estop issues already pending in a previously filed suit. Conversely, if the issues asserted in a declaratory judgment action would have no such effect, the rationale for prohibiting the declaratory judgment action would not seem to apply. This would suggest that the same approach for determining identity of parties and issues should be applied to the declaratory action prohibition as is applied for purposes of collateral estoppel. An issue is barred by collateral estoppel if: (1) the facts sought to be litigated in one action were fully and fairly litigated in a prior action; (2) those facts were essential to the judgment in the prior action; and (3) the parties were cast as adversaries in the prior action or the party against whom collateral estoppel is being asserted was a party to the prior litigation or is in privity with such a party. *See Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991).

5. If the parties to another case were not the same as in this case, so as to produce no collateral estoppel effect between the two cases, then the declaratory judgment action in this case would not be barred by the pendency of the other case. However, the fact that the parties in another case were different, so as to produce no collateral estoppel effect, would also mean that the declaratory judgment action in this case would have no significance as to the other case and thus no live controversy arising from its possible effect on the other case.