COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)


ALAN BRADSHAW d/b/a )
 

BRADSHAW CHIROPRACTIC and
)


JUSTIN W. LOW,
)
 No. 08-03-00186-CV

)


 Appellants,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 2

)


ROBERT E. WHITE a/k/a )
 of Ector County, Texas

CHILDS BISHOP & WHITE,
)


)
 (TC# CC2-14,312)

 Appellee.
)



MEMORANDUM OPINION



 Justin W. Low appeals the summary judgment granted in favor of Robert E. White. We
reverse and render.

FACTUAL SUMMARY


 Alan Bradshaw operates a chiropractic business located in Odessa. Velma Palmer sought
chiropractic services from Bradshaw following an accident and assigned him a portion of her
personal injury claim in order to pay for the medical services which she received. Bradshaw notified
Robert White, Palmer's attorney, of the assignment. White settled Palmer's lawsuit and received
the settlement proceeds, which he distributed to Palmer. White refused to honor the assignment and
Palmer refused to authorize payment to Bradshaw. 

 Bradshaw employed Justin Low to file suit against White for his failure to honor the
assignment. While the suit was pending in the justice court, White filed a petition for declaratory
judgment in county court at law, seeking a declaration that the assignment was invalid and that
Bradshaw and Low had filed a frivolous pleading. White requested sanctions, reasonable and
necessary attorney fees, and costs of court. Low filed an original answer, a plea in abatement, and
a counterclaim alleging that White's suit was frivolous.

 White filed a motion for summary judgment but Low failed to respond. The trial court
granted judgment for White and awarded $1,500 in attorney fees and $251 as costs. Low filed a
motion to set aside the judgment and a motion for new trial, both of which were denied. This appeal
follows.

SUMMARY JUDGMENT


 In Point Error No. One, Low challenges the summary judgment because White failed to prove
as a matter of law that he was entitled to declaratory judgment. For the reasons that follow, we
agree.

Standard of Review


 When reviewing the propriety of summary judgment, we must determine whether White
carried his burden of proof of showing that there was no genuine issue of material fact and that
judgment should be granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985); Cortez
v. Liberty Mut. Fire Ins. Co., 885 S.W.2d 466, 469 (Tex.App.--El Paso 1994, writ denied). The
question is not whether the summary judgment proof raises fact issues as to required elements of
Low's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that
there is no genuine issue of material fact as to one or more elements of Low's cause or claim. 
See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970).

 We review a summary judgment de novo. Nixon, 690 S.W.2d at 548-49. All evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in his favor. See Nixon, 690 S.W.2d at 548-49; DeLuna v. Guynes Printing
Co., 884 S.W.2d 206, 208 (Tex.App.--El Paso 1994, writ denied). For a plaintiff to be entitled to
summary judgment when the defendant has asserted a counterclaim, the plaintiff must prove, as a
matter of law, each element of its cause of action and disprove at least one element of each of the
defendant's counterclaims. Schafer v. Federal Servs. Corp., 875 S.W.2d 455, 456 (Tex.App.--Houston [1st Dist.] 1994, no writ.). On appeal, evidence that favors the movant's position will rarely
be considered unless it is uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Summary judgment may be based on uncontroverted
evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible, and free
from contradictions and inconsistencies, and could have been readily controverted. Republic Nat'l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986), citing Tex.R.Civ.P. 166a(c).

 A motion for summary judgment must expressly present the grounds upon which it is made,
and it must stand or fall on those grounds alone. Tex.R.Civ.P. 166(a); McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1983). Issues which are not expressly presented to the
trial court by written motion or response to the motion for summary judgment cannot be considered
as grounds for reversal. Tex.R.Civ.P. 166(a); McConnell, 858 S.W.2d at 341. We may only
consider the record as it existed at the time of the motion and may not raise grounds for reversing the
motion sua sponte. Johnnie C. Ivy Plumbing Co. v. Keyser, 601 S.W.2d 158, 160 (Tex.Civ.App.--Waco 1980, no writ); San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990), citing
Central Education Agency v. Burke, 711 S.W.2d 7, 9 (Tex. 1986). Failure to respond to the motion
for summary judgment limits Low to a legal sufficiency challenge on appeal. McConnell, 858
S.W.2d at 343. If the trial court's order does not state the grounds on which summary judgment was
granted, we will affirm if any theories advanced are meritorious. State Farm Fire & Casualty Co.
v. S.S., 858 S.W.2d 374, 378 (Tex. 1993).

Nature of the Declaratory Judgment Action


 The Declaratory Judgment Act provides that a party "whose rights, status, or other legal
relations are affected by a statute, municipal ordinance, contract, or franchise may have determined
any question of construction or validity arising under the instrument, statute, ordinance, contract, or
franchise and obtain a declaration of rights, status, or other legal relations thereunder." 
Tex.Civ.Prac.&Rem.Code Ann. § 37.004 (Vernon 1997). The court may also award costs and
reasonable and necessary attorneys' fees as are equitable and just. Tex.Civ.Prac.&Rem.Code Ann.
§ 37.009.

 White's petition asked the court to find the assignment of benefits invalid and to award
sanctions for frivolous pleading. In his motion for summary judgment, White contended that he had
no duty and no authority to withhold any proceeds of Palmer's settlement. Consequently, White
claimed that Low had failed to state a cause of action against him. In granting summary judgment,
the court determined that recoveries for personal injuries are not assignable to a medical care
provider. 

Validity of the Assignment


 As far back as 1895, Texas law provided that personal injury claims survived to the heirs and
legal representatives of the injured party. State Farm Fire & Cas. Co. v. Gandy, 925 S.W.2d 696,
707 (Tex. 1996). "On the theory that assignability of a chose in action depended on whether it
survived the owner's death, personal injury claims thus became assignable in Texas." Id. An
increasingly mercantile world demanded the removal of restraints on alienation of debts and other
contract rights, which led to an erosion of barriers to assignments of other rights and in other
contexts. Id. Now, most American jurisdictions favor assignments. Id.

 Our supreme court has determined that an assignment of a chose in action is invalid in four
instances. First, the court has disallowed the assignment of legal malpractice claims because 
commercial marketing would demean the legal profession. Zuniga v. Groce, Locke & Hebdon, 878
S.W.2d 313, 316 (Tex.App.--San Antonio 1994, writ ref'd). Second, the court has declared Mary
Carter agreements void as against public policy because they tend to promote litigation and distort 
the trial against the non-settling defendants. Elbaor v. Smith, 845 S.W.2d 240, 248, 250 (Tex. 1992). 
Third, a tortfeasor cannot take an assignment of a plaintiff's claim as part of a settlement with the
plaintiff and then prosecute that claim against a joint tortfeasor. International Proteins Corp. v.
Ralston-Purina Co., 744 S.W.2d 932 (Tex. 1988). "[I]t is contrary to public policy to permit a joint
tortfeasor the right to purchase a cause of action from a plaintiff to whose injury the tortfeasor
contributed." Id. at 934. Finally, an assignment of interest in an estate is invalid. Trevino v.
Turcotte, 564 S.W.2d 682 (Tex. 1978). None of the historical reservations to allowing assignments
of choses in actions are present here. There is no detrimental effect upon the legal profession as a
result of an assignment of proceeds from a personal injury claim to a chiropractor, no distortion of
the parties' interests, no promotion of litigation, and no prejudice to the parties. This assignment
allowed a patient to receive medical attention when she otherwise could not afford it and it does not
fit into any of the categories which the Supreme Court has found violative of public policy. 

 White failed to disprove Low's claim under the assignment of benefits as matter of law. 
Because summary judgment was improper, we sustain Point Error No. One. As a result of our
holding, we need not address Point Error No. Two.

JURISDICTION

 In Point Error No. Three, Low argues that the trial court did not have authority to impose
sanctions, contending that the motion should have been filed in the justice court where the original
suit was pending as opposed to the county court at law where the petition for declaratory judgment
was filed. In Point Error No. Four, Low complains of the fee award, suggesting that White could
not recover attorney's fees because he appeared pro se. 

 The signing of a pleading constitutes a certificate by the signatory that to the signatory's best
knowledge, information, and belief, formed after reasonable inquiry: (1) the pleading or motion is
not being presented for any improper purpose, including to harass or to cause unnecessary delay or
needless increase in the cost of litigation; (2) each claim, defense, or other legal contention in the
pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law; (3) each allegation or other
factual contention in the pleading or motion has evidentiary support or, for a specifically identified
allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity
for further investigation or discovery; and (4) each denial in the pleading or motion of a factual
contention is warranted on the evidence or, for a specifically identified denial, is reasonably based
on a lack of information or belief. Tex.Civ.Prac.&Rem.Code Ann. § 10.001 (Vernon 2002). A
party can move for sanctions if there is a violation of Section 10.001. Tex.Civ.Prac.&Rem.Code
Ann. § 10.001. The court can award a prevailing party the reasonable expenses and attorney's fees
incurred in presenting or opposing the motion, and if no due diligence is shown, the court may award
to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred
or caused by the subject litigation. Tex.Civ.Prac.&Rem.Code Ann. § 10.002.

 However, an action for declaratory judgment will generally not be entertained if, at the time
it is filed, another action or proceeding is pending between the same parties in which the issues
involved in the declaratory action may be adjudicated. Texas Liquor Control Bd. v. Canyon Creek
Land Corp., 456 S.W.2d 891, 895 (Tex. 1970). "A possible rationale for this rule is that a
declaratory judgment action should not be available to determine and thereby collaterally estop
issues already pending in a previously filed suit. Conversely, if the issues asserted in a declaratory
judgment action would have no such effect, the rationale for prohibiting the declaratory judgment
action would not seem to apply." Lavely v. Heafner, 976 S.W.2d 896, 899 (Tex.App.--Houston
[14th Dist.] 1998, no pet.). Insofar as declaratory judgment is sought for guidance in a pending
proceeding, the trial court should decline to exercise jurisdiction. Texas Liquor Control Bd., 456
S.W.2d at 895.

 Generally, if two lawsuits concerning the same controversy and parties are pending in courts
of coordinate jurisdiction, the court in which suit was first filed acquires dominant jurisdiction. 
Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d 263,
267 (Tex. 1974); V.D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800 (1937).
Abatement of a lawsuit due to the pendency of a previous lawsuit is based on the principles of
comity, convenience, and the necessity for an orderly procedure in the trial of contested issues.
Wyatt, 760 S.W.2d at 248. If a party calls the second court's attention to the pendency of the first
suit by a plea in abatement, that court must sustain the plea. Curtis, 511 S.W.2d at 267. Three
exceptions exist to the general rule requiring abatement of the second suit: (1) a party's conduct may
estop him from asserting dominant jurisdiction in another court; (2) the first court may lack power
to join parties to be joined if feasible; or (3) the party filing the first suit lacks the intent to prosecute
it. Wyatt, 760 S.W.2d at 248. If the second court determines that one of the exceptions applies, it
may assume dominant jurisdiction and proceed to judgment. Hartley v. Coker, 843 S.W.2d 743, 747
(Tex.App.--Corpus Christi 1992, no writ).

 None of the exceptions applies here. Consequently, the county court at law did not have
jurisdiction to hear White's petition for declaratory judgment, nor did it have the authority to award
sanctions or attorney's fees. We sustain Points Error Nos. Three and Four and reverse and render
the judgment below.


May 6, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.