National Cafe Services Ltd v. Perry Poderas















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00244-CV

     NATIONAL CAFÉ SERVICES, LTD.,
                                                                         Appellant
     v.

     PERRY PODARAS,
                                                                         Appellee
 

From the 190th District Court
Harris County, Texas
Trial Court # 1999-41951
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Perry Podaras filed a declaratory judgment action against National Café Services, Ltd.
seeking a declaration that a non-competition clause in the partnership agreement is
unenforceable. The court granted a partial summary judgment in favor of Podaras on this
issue. After a subsequent hearing, the court awarded attorney’s fees to Podaras. National
Café presents five issues in which it contends: (1) the trial court erred in declaring the non-competition clause unenforceable; and (2) the court abused its discretion by awarding Podaras
attorney’s fees because: (a) he should not have prevailed on his request for declaratory relief;
(b) the partnership agreement was not a contract for personal services; (c) he did not properly
segregate the fees incurred for prosecution of his declaratory judgment action from those
incurred for prosecution of another claim he ultimately non-suited; and (d) he presented no
evidence or factually insufficient evidence that the attorney’s fees awarded are reasonable.
      Because we conclude that National Café presented evidence raising a genuine issue of
material fact on the question of whether Podaras has released his right to challenge the
enforceability of the non-competition clause, we reverse the judgment and remand this cause to
the trial court for further proceedings.
BACKGROUND
      Podaras signed an operating agreement with Angelika Houston, Inc. to run a café in the
lobby of a downtown Houston theater, the Angelika Film Center. To secure the funds
necessary for the initial investment required under the operating agreement, Podaras formed a
limited partnership, National Café, with Podaras serving as general partner.
      The partnership agreement contains a non-competition clause


 (hereinafter, the
“covenant”) which provides in pertinent part:
The General Partner expressly covenants and agrees (hereinafter designated
“Covenant”) that, while the Partnership is operating the Café and for a period of one
(1) year thereafter, unless otherwise expressly agreed in writing by the Limited
Partner (which agreement, if any, of the Limited Partner may be subject to such
conditions and limitations as the Limited Partner may, from time to time, require), the
General Partner shall not, in any capacity whatsoever (as an employee, employer,
consultant, agent, principal, partner, stockholder, officer, director, or in any other
capacity) engage, or otherwise directly or indirectly participate in, any business
similar to the Partnership’s business within a seven (7) mile radius of the Lease Space.

      Podaras’s café did not meet expectations, and he was unable to satisfy his financial
obligations under the partnership agreement. Podaras signed an agreement (the “release”) with
Houston Entertainment Services, Inc. (“HES”) which assigned his interest in National Café to
HES, released him from any further liability under the partnership agreement, and released
HES, National Café, and Angelika from any claims “which Podaras may have as of the date of
this Agreement.”
      In the release, Podaras expressly acknowledged that “all of the provisions of the
[Partnership] Agreement are in full force and effect as written and entered into, and are hereby
ratified and confirmed.”
      At an undetermined time, Podaras began planning a discotheque with a bar in the same
vicinity. National Café obtained


 a copy of a letter from Blake Cordish, the developer for the
Bayou Place entertainment complex (where the Angelika Film Center is located), to Parris
Holmes, Jr., a potential investor in the new project, in which Cordish discussed funding for
the project. National Café then sent a letter to Cordish and Holmes advising them of the
covenant and of National Café’s opinion that the planned venture would violate the covenant. 
After receiving this letter, Holmes decided against giving financial backing to the project. 
Nevertheless, Podaras commenced a similar project (the Gatsby Social Club) with other
investors about one year later.
      Podaras filed suit alleging that the covenant is unenforceable and that National Café’s
correspondence to Cordish and Holmes tortiously interfered with these business relationships. 
National Café answered Podaras’s suit with a general denial and asserted numerous affirmative
defenses. National Café counterclaimed: (1) requesting reformation of the covenant if found
unenforceable as written; (2) seeking specific performance and a permanent injunction; and (3)
alleging promissory estoppel and unjust enrichment.
      Podaras filed a motion for partial summary judgment contending that he is entitled to
judgment as a matter of law declaring that the covenant is unenforceable because it imposes
unreasonable restrictions of time, location and activity and because it is not ancillary to an
otherwise enforceable agreement.
      National Café filed a response asserting the affirmative defenses of ratification and release. 
National Café also asserted that the covenant is enforceable because it is ancillary to an
otherwise enforceable agreement and because it imposes reasonable restrictions of time,
location and activity. Finally, National Café argued in the alternative that the motion should
be denied because, if the court found the covenant unenforceable as written, section


 15.51 of
the Business and Commerce Code requires the court to reform the covenant rather than declare
it unenforceable. See Tex. Bus. & Com. Code. Ann. § 15.51 (Vernon 2002).
      In reply, Podaras argued that an unenforceable covenant not to compete is void as against
public policy and cannot be ratified. He also contended that section 15.52 preempts the
common-law affirmative defenses raised by National Café. Id. § 15.52 (Vernon 2002). He
reiterated that the covenant is not ancillary to an otherwise enforceable agreement and that it
imposes unreasonable restrictions on time, location and activity. He concluded by arguing that
reformation is unavailable because the covenant is not ancillary to an otherwise enforceable
agreement and because the time and activity restrictions are too vague and indefinite.
      The court granted Podaras’s motion without specifying the basis for its ruling. The court
awarded attorney’s fees to Podaras in an amount to be determined thereafter. Podaras non-suited his tortious interference claim. National Café non-suited its counterclaims. The court
later held a hearing on the issue of attorney’s fees. The court awarded Podaras $52,000 in trial
attorney’s fees, $5,100 for legal expenses, and $15,000 in appellate attorney’s fees.
MOOTNESS
      Podaras contends that the issue of whether the covenant is enforceable has been rendered
moot because National Café non-suited its counterclaims for affirmative relief. Thus, he
concludes that the only issue we must resolve is the propriety of the attorney’s fee award.
      It is axiomatic that, apart from two exceptions not applicable to this case,


 this Court does
not have jurisdiction to address issues which have been rendered moot. Gen. Land Office v.
OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990); Tex. Dept. of Pub. Safety v. Ackerman,
31 S.W.3d 672, 675 (Tex. App.—Waco 2000, pet. denied). Thus, “a controversy must exist
between the parties at every stage of the legal proceedings, including the appeal.” Williams v.
Lara, 52 S.W.3d 171, 184 (Tex. 2001). Accordingly, when an appellee has non-suited claims
for affirmative relief, the appeal may be rendered moot. E.g., McNeill v. Hubert, 119 Tex.
18, 22-23, 23 S.W.2d 331, 333 (1930).
      Podaras sought attorney’s fees in his summary judgment motion under section 15.51(c)
and under section 37.009 of the Uniform Declaratory Judgments Act. Tex. Bus. & Com.
Code. Ann. § 15.51(c); Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). A
promisor such as Podaras can obtain attorney’s fees under section 15.51(c) only if the
“primary purpose of the agreement to which the covenant is ancillary is to obligate the
promisor to render personal services” and the promisor establishes that: 
(1) the promisee knew when the covenant was executed that it contained unreasonable
restrictions of time, location or scope of activity; 
 
(2) “the limitations imposed a greater restraint than necessary to protect the goodwill
or other business interest of the promisee; and
 
(3) “the promisee sought to enforce the covenant to a greater extent than was
necessary to protect the goodwill or other business interest of the promisee.”

Tex. Bus. & Com. Code. Ann. § 15.51(c).
      Conversely, a party to a declaratory judgment action need not prevail on the merits to
recover attorney’s fees. Barshop v. Medina County Underground Water Conservation Dist.,
925 S.W.2d 618, 637 (Tex. 1996); Brush v. Reata Oil & Gas Corp., 984 S.W.2d 720, 729
(Tex. App.—Waco 1998, pet. ref’d). Thus, assuming without deciding that attorney’s fees can
be awarded in a declaratory judgment suit brought to construe a covenant not to compete, it
could be argued that the propriety of the trial court’s decision on the merits regarding the
enforceability of the covenant should have no bearing on the attorney’s fee award. We think it
does however.
      A trial court’s decision to award attorney’s fees under the Uniform Declaratory Judgments
Act is based in part on the trial court’s exercise of discretion to determine what, if any, fees
are “equitable and just.” Tex. Civ. Prac. & Rem. Code Ann. § 37.009; Bocquet v. Herring,
927 S.W.2d 19, 21 (Tex. 1998). Surely, the trial court bases that exercise of discretion in part
on whether a party prevails on the merits. In fact, the trial court in this case recited in
Conclusion of Law No. 5, “The court finds that the attorney’s fees awarded herein are
equitable and just. The court finds that Podaras succeeded upon his claim.”
      The trial court stated in Conclusion of Law No. 1 that it was awarding attorney’s fees to
Podaras under section 38.001 of the Civil Practice and Remedies Code,


 section 37.009 of the
Uniform Declaratory Judgments Act, “and/or” section 15.51. To determine the propriety of
the attorney’s fees awarded to Podaras under either of the statutory provisions at issue, we
must first decide whether he should have prevailed on the merits. But see Lavely v. Heafner,
976 S.W.2d 896, 897 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (dismissing
procedurally similar appeal in its entirety as moot even though appellant challenged propriety
of attorney’s fee award). Accordingly, we conclude that this appeal is not moot. See Pinnacle
Gas Treating, Inc. v. Read, 104 S.W.3d 544, 545-46 (Tex. 2003) (per curiam) (appeal not
moot because propriety of damages award hinged on whether trial court properly dismissed
prior proceeding).
THE COVENANT
      National Café contends in its first issue that the court erred in declaring that the covenant
is unenforceable because: (1) Podaras ratified the covenant; (2) he released any claim that the
covenant is unenforceable; (3) the covenant is ancillary to an otherwise enforceable agreement;
(4) the covenant contains reasonable limitations as to time, location, and scope of activity to be
restrained; and (5) the appropriate remedy would be reformation rather than a declaration of
unenforceability if the covenant were unenforceable as written.
      Because National Café raised the affirmative defense of release in its response and
presented evidence raising a genuine issue of material fact as to each element of this
affirmative defense, we will sustain National Café’s first issue.
      A release by a promisor in a covenant not to compete can estop the promisor from later
challenging the validity of the covenant. See Am. Fracmaster, Ltd. v. Richardson, 71 S.W.3d
381, 389-90 (Tex. App.—Tyler 2001, pet. granted w.r.m.). A valid release constitutes “an
absolute bar to any right of action on the released matter.” Dresser Indus., Inc. v. Page
Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993); accord Lehmann v. Har-Con Corp., 76
S.W.3d 555, 565 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Grimes v. Andrews, 997
S.W.2d 877, 881 (Tex. App.—Waco 1999, no pet.). Therefore, the assertion of a release is an
affirmative defense. Tex. R. Civ. P. 94; Dresser Indus., 853 S.W.2d at 508; Lehmann, 76
S.W.3d at 565.
      When a non-movant asserts an affirmative defense in response to a summary judgment
motion, the non-movant must support the response with evidence sufficient to raise a fact issue
on each element of the affirmative defense. Am. Petrofina, Inc. v. Allen, 887 S.W.2d 829,
830 (Tex. 1994); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); State Farm Lloyds
v. Borum, 53 S.W.3d 877, 884 (Tex. App.—Dallas 2001, pet. denied).
      To support the affirmative defense of release, National Café attached a copy of the release
to its response. The release reads in pertinent part as follows:
In consideration of the release by Lender of Podaras as set forth in paragraph 6
hereof and of the other releases and agreements of Lender set forth herein . . .,
Podaras hereby releases, acquits, and discharges Lender, the Partnership, the Limited
Partner, and Angelika, and the officers, directors, partners, owners, agents,
employees, attorneys, successors, heirs, legal representatives, and assigns of each of
them, of and from any and all claims, demands, actions, causes of action, fees, costs,
expenses, attorney’s fees, liabilities, and other obligations of any kind whatsoever,
whether known or unknown, asserted or unasserted, in contract, tort, or otherwise,
liquidated or unliquidated, in any manner arising out of, caused by, related to, or
emanating from any transactions, relationships, or occurrences involving any of the
released parties which Podaras may have as of the date of this Agreement.

      Podaras replied to this assertion in the trial court by arguing that section 15.52 preempts
the common-law affirmative defense of release. On appeal, he re-urges this argument and also
contends that the release does not apply to his suit because the facts giving rise to his suit
(namely, the applicability of the covenant to his operation of the Gatsby Social Club) did not
occur until after he executed the release. See Keck, Mahin & Cate v. Natl. Union Fire Ins.
Co., 20 S.W.3d 692, 698 (Tex. 2000) (release agreement which released claims attributable to
services rendered between two dates certain did not apply to claim attributable to services
rendered after that time period).
      Podaras did not present the latter argument to the trial court in his summary judgment
pleadings. Accordingly, we do not consider it on appeal. See Cincinnati Life Ins. v. Cates,
927 S.W.2d 623, 625 (Tex. 1996); Fletcher v. Edwards, 26 S.W.3d 66, 74 (Tex. App.—Waco
2000, pet. denied).
      Section 15.52 provides:
The criteria for enforceability of a covenant not to compete provided by Section
15.50 of this code and the procedures and remedies in an action to enforce a covenant
not to compete provided by Section 15.51 of this code are exclusive and preempt any
other criteria for enforceability of a covenant not to compete or procedures and
remedies in an action to enforce a covenant not to compete under common law or
otherwise.

Tex. Bus. & Com. Code. Ann. § 15.52.
      Section 15.52 preempts the common law in two respects: (1) it provides that the criteria of
section 15.50 are the exclusive criteria for determining the enforceability of a covenant not to
compete; and (2) it provides the exclusive “procedures and remedies in an action to enforce a
covenant not to compete.” Id. (emphasis added); see Gage Van Horn & Assocs., Inc. v.
Tatom, 26 S.W.3d 730, 733 (Tex. App.—Eastland 2000), pet. denied per curiam, 87 S.W.3d
536 (Tex. 2002).
      Section 15.52 does not preempt National Café’s release claim because Podaras did not file
suit to enforce the covenant and because National Café does not contend that the release makes
the covenant enforceable. Rather, National Café contends that the release prevents Podaras
from contesting its enforceability.
      National Café, as non-movant, raised a fact issue as to whether the release estops Podaras
from contesting the enforceability of the covenant. See Am. Fracmaster, 71 S.W.3d at 389-90. 
Accordingly, Podaras failed to establish his entitlement to judgment as a matter of law. For
this reason, we sustain National Café’s first issue.
      Because our disposition of National Café’s first issue requires a reversal, we do not reach
the remainder of National Café’s issues.
APPROPRIATE DISPOSITION
      National Café’s prayer for relief reads as follows:
For these reasons, Defendant respectfully asks this Court to reverse the summary
judgment granted by the trial court declaring that the Covenant is unenforceable and
render judgment that Plaintiff take nothing by his claim. Defendant also respectfully
asks this Court to reverse the trial court judgment and render judgment that Plaintiff
take nothing by his claim for attorney’s fees. Finally, Defendant seeks such other and
further relief to which it may show itself justly entitled.

Podaras contends that National Café’s prayer for reversal and rendition precludes this Court
from reversing the judgment and remanding this cause for further proceedings in the trial
court.
      Rule of Appellate Procedure 38.1(I) requires the appellant’s brief to “contain a short
conclusion that clearly states the nature of the relief sought.” Tex. R. App. P. 38.1(I). Rule
of Appellate Procedure 38.9 requires an appellate court to liberally construe briefs. Id. 38.9. 
We have previously addressed these provisions in the context of a similar issue in a criminal
appeal. See Brown v. State, 35 S.W.3d 183, 189-90 (Tex. App.—Waco 2000), rev’d on other
grounds, 89 S.W.3d 630 (Tex. Crim. App. 2002).
      Quoting the Dallas Court of Appeals, we stated:
These rules suggest that the prayer's irregularity of form or substance does not
limit the relief available to a party. To the extent that the error is flagrant, the court
may order a party to redraft his prayer. However, the rules prevent this court from
tailoring its relief because of the violation of briefing rules without first giving the
errant party an opportunity to cure the defect. Thus, we conclude that this court is not
limited to remand of the cause because of a party's omission of a request for rendition
when the disposition of a party's points entitles him to rendition. 

Id. (quoting Kaspar v. Thorne, 755 S.W.2d 151, 156-57 (Tex. App.—Dallas 1988, no writ)).
      Following this rationale, we reverse the judgment and remand this cause to the trial court
for further proceedings consistent with this opinion.
 
                                                                   FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurring)
Reversed and remanded
Opinion delivered and filed August 4, 2004
[CV06]